[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 20, 2008
THOMAS K. KAHN
CLERK

No. 08-12564
Non-Argument Calendar

_____

D. C. Docket No. 95-00442-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNEST PAYNE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 20, 2008)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

On May 24, 1996, following appellant's conviction for possession of

cocaine with intent to distribute and for distribution of cocaine, both offenses constituting violations of 21 U.S.C. § 841(a)(1), the district court sentenced appellant to concurrent prison terms of 240 months, the minimum sentences prescribed by statute, 21 U.S.C. § 841(b)(1)(A). On March 11, 2008, appellant moved the district court to reduce his sentences pursuant to the authority granted the district court by 18 U.S.C. § 3582. The motion was based on Amendment 706 to the Sentencing Guidelines, which retroactively reduced the base offense levels applicable to crack cocaine offenses. The district court denied his motion on the ground that, because appellant was sentenced to the statutory mandatory minimum sentences, Amendment 706 could provide him no relief.

Section 3582(c)(2) states that

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" if the retroactive amendment does not have the effect of lowering the defendant's applicable guidelines range. U.S.S.G. § 1B1.10(a)(2)(B) (Supp. Mar. 3, 2008).

Amendment 706 allows a defendant to seek a reduction in his sentence if

that sentence was based on the § 2D1.1 offense level for crack cocaine offenses. However, a defendant whose original sentence was based on something other than § 2D1.1 is precluded from receiving a sentence reduction, since the amendment does not have the effect of lowering the applicable guidelines range. United States v. Moore, No. 08-11230, slip op. 3372, 3375-76 (11th Cir. Sept. 5, 2008); see U.S.S.G. § 1B1.10(a)(2)(B). This occurs, for example, where the defendant was sentenced to a statutory mandatory minimum sentence. See Moore, slip op. at 3376 (citing U.S.S.G. § 1B1.10, comment. (n.1(A))) (noting that the operation of another guideline or statutory provision, such as "a statutory mandatory minimum term of imprisonment," would prevent the crack cocaine amendment from having the effect of lowering the defendant's applicable guideline range)).

Because appellant was subject to statutory mandatory minimum sentences of 240 months, the court was precluded from granting him § 3582(c)(2) relief.

AFFIRMED.