[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12759
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00117-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY FONTAINE JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(January 20, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Gregory Fontaine Jones, proceeding pro se, appeals the district court's denial of his motion for modification of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendments 706 and 711 to the Sentencing Guidelines. For the reasons set forth below, we affirm.

**I.**

Jones pled guilty to (1) conspiracy to possess with intent to distribute 50 or more grams of crack cocaine and (2) possession with intent to distribute 50 or more grams of crack cocaine, all in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). A probation officer determined that Jones's guideline imprisonment range was 210 to 262 months. However, the probation officer also noted that Jones had two prior drug convictions and that, therefore, Jones's statutory mandatory minimum term of imprisonment, and guideline sentence, was life, pursuant to § 841(b)(1)(A) and U.S.S.G. § 5G1.1(b). The government submitted on Jones's behalf a substantial assistance motion, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). At sentencing, the district court sentenced Jones to concurrent terms of 240 months' imprisonment as to each count, citing Jones's substantial assistance as the reason for departure.

Jones submitted, on April 11, 2008, a § 3582(c)(2) motion to reduce sentence. The district court denied the motion, reasoning that the statutory

mandatory minimum term of imprisonment remained applicable and that no further reduction was warranted beyond that already applied per the substantial assistance motion.

## II.

We review de novo "the district court's legal conclusions regarding the scope of its authority under the [Guidelines]." United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008). Pursuant to § 3582(c)(2), a district court may reduce an already-incarcerated defendant's sentence if the sentence was determined using a guideline imprisonment range that retroactive amendments to the Guidelines have reduced, and if such a reduction would be consistent with the policy statements issued by the Sentencing Commission, which are contained in U.S.S.G. § 1B1.10. 18 U.S.C. § 3582(c).

The commentary to the Guidelines instructs that a defendant is not eligible for a § 3582(c)(2) reduction "if the amendment [in question] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.)" U.S.S.G. § 1B1.10, comment. (n.1(A)). In a recent published case, United States v. Williams, No. 08-12475, manuscript op. at 5-11 (11th Cir. Nov. 26, 2008), we held that this principle applied even where the

3

district court departed downward from a statutory mandatory minimum term of imprisonment pursuant to a § 5K1.1 motion.  We reasoned that, (1) given the statutory mandatory minimum term of imprisonment, the "district court's point of departure would not shift as a result of [Amendment 706's] lowering of the crack offense levels"; and (2) "the decreased sentence [imposed pursuant to the § 5K1.1 motion] should [not] be read to somehow eliminate the otherwise applicable mandatory minimum." Id. at 7, 9-10.  We concluded that "[b]ecause [the defendant] was subject to a statutory mandatory minimum that replaced his original sentencing guideline range, he was not sentenced according to the base offense level in § 2D1.1, even taking into account the § 5K1.1 downward departure." Id. at 11-12.

### III.

The district court did not err in denying Jones's motion for modification of sentence, as it was not authorized to give such a reduction.  See Moore, 541 F.3d at 1326.  Jones was not eligible for a § 3582(c)(2) because he was sentenced pursuant to a statutory mandatory minimum term of imprisonment, and departure therefrom pursuant to a substantial assistance motion, rather than a guideline imprisonment range that ultimately was altered under Amendment 706.  See U.S.S.G. § 1B1.10, comment. (n.1(A)); Williams, No. 08-12475,  manuscript op. at 5-11.  Indeed, had

4

Amendments 706 and 711 been in effect at the time of his sentencing, Jones's statutory mandatory minimum term of imprisonment nonetheless would have been life and Jones's substantial-assistance departure nonetheless would have been from this point.  See Williams, No. 08-12475,  manuscript op. at 5-11.  Accordingly, we affirm.

**AFFIRMED.**