[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 18, 2009
THOMAS K. KAHN
CLERK

No. 08-13201
Non-Argument Calendar

_____

D. C. Docket No. 01-00294-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWIN WHITEHEAD,
a.k.a. Edward Whitehead,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 18, 2009)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Edwin Whitehead, Sr. appeals from the district court's order denying his motion for a sentencing reduction, brought pursuant to 18 U.S.C. § 3582(c)(2). For the reasons set forth below, we affirm.

## I.

In 2001, a federal grand jury returned a superceding indictment against Whitehead, charging him with: being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count One); possession with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Two); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Three); and possession of a firearm in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Four). Whitehead pled guilty to Counts Two and Four, and the government agreed to dismiss Counts One and Three.

A probation officer prepared a pre-sentence investigation report ("PSI") where he calculated Whitehead's applicable guideline range as follows. With respect to Whitehead's crack-cocaine conviction in Count 2, the probation officer found that Whitehead was accountable for 22.6 grams of cannabis, 16.7 grams of crack cocaine, and 27.5 grams of cocaine. After converting these drug quantities into their marijuana equivalents, as directed by Application Note 10 of U.S.S.G.

2

§ 2D1.1, the probation officer determined that Whitehead was accountable for 339.5 kilograms of marijuana, giving him a base offense level of 26 under the Drug Quantity Table in § 2D1.1(c)(7).  However, the probation officer determined that Whitehead was a career offender under U.S.S.G. § 4B1.1 because he had a prior conviction for a crime of violence and two prior felony drug convictions. Thus, the probation officer determined that Whitehead's offense level became 34 under § 4B1.1, as this was greater than his otherwise applicable offense level.  The probation officer then granted Whitehead a 3-level reduction for acceptance of responsibility, giving him a total offense level of 31.  And because Whitehead was a career offender, he automatically received a criminal history category of VI which, when coupled with his offense level of 31, gave him an applicable guideline range of 188-235 months' imprisonment.  With respect to Whitehead's firearm conviction in Count Four, the probation officer determined that he was subject to the statutory mandatory minimum sentence of five years' imprisonment, which was to be imposed consecutively to his sentence for Count Two.

At sentencing, the district court granted Whitehead a downward departure under U.S.S.G. § 4A1.3 and reduced his criminal history category from VI to IV. Thus, this departure gave Whitehead a new guideline range of 151-188 months' imprisonment for Count 2, and the court sentenced Whitehead to the low-end of

3

that range. Thus, after adding the statutory mandatory minimum sentence of 5 years' imprisonment for Count 4, the court sentenced Whitehead to a total of 211 months' imprisonment.

On March 21, 2008, Whitehead wrote a letter to the district court referring to the "changes that were made to the CRACK LAW." The court construed the letter as a motion for a sentencing reduction under 18 U.S.C. § 3582(c)(2) and appointed Whitehead counsel. Appointed counsel for Whitehead then filed a supplemental motion for a sentencing reduction under § 3582(c)(2) based on Amendment 706 to the Sentencing Guidelines. Counsel argued, inter alia, that "[b]y granting Mr. Whitehead's Motion for Downward Departure, the Court made clear that the career offender provisions were not applicable to the unique facts of Mr. Whitehead's case." The government responded that Whitehead was ineligible for a sentencing reduction because he was sentenced as a career offender under § 4B1.1, and, therefore, Amendment 706 did not lower his sentencing range.

The district court denied Whitehead's motion because it found that Amendment 706 did "not change the guideline range resulting from Defendant's career offender status." In addition, the court found that, contrary to Whitehead's argument, its downward departure at sentencing did "not negate Defendant's status as a career offender." This appeal followed.

4

## II.

"In a § 3582(c)(2) proceeding, we review <u>de novo</u> the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. We review <u>de novo</u> questions of statutory interpretation." <u>United States v. Moore</u>, 541 F.3d 1323, 1326 (11th Cir. 2008) (quotations and citation omitted), <u>cert. denied</u>, 129 S.Ct. 965 (2009), <u>cert. petition filed</u>, (No. 08-7610) (Feb. 2, 2009).

> Section 3582(c) of Title 18 provides in relevant part:
>
> The court may not modify a term of imprisonment once it has been imposed except that –
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment <u>based on a sentencing range that has subsequently been lowered</u> by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added); <u>see also</u> U.S.S.G. § 1B1.10(a)(1) (policy statement providing the same). The applicable policy statement reiterates that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [a]n amendment listed in subsection (c) does not have the effect of lowering the

5

defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706. The effect of Amendment 706 is to provide a two-level reduction in base offense levels for certain crack-cocaine offenses. See id. The Commission made this amendment retroactively applicable, effective as of March 3, 2008. See U.S.S.G., App. C, Amend. 713 (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

In Moore – decided after the parties submitted their briefs in this case – we addressed whether certain defendants who were convicted of crack-cocaine offenses and who were sentenced as career offenders under § 4B1.1 were eligible for a sentencing reduction based on Amendment 706. We determined that, "although Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1." Moore, 541 F.3d at 1330. This was so because, under § 4B1.1, the defendants' guideline ranges were ultimately determined by the statutory maximum penalty for the offense, not the base offense levels reduced by Amendment 706. See U.S.S.G. § 4B1.1(b) (providing for superceding offense levels based on the statutory maximum penalty where those

6

levels are "greater than the offense level otherwise applicable"); United States v. Gibson, 434 F.3d 1234, 1252 (11th Cir. 2006) ("A defendant's base offense level under U.S.S.G. § 4B1.1(b) is driven by the statutory maximum sentence of the offense for which he was convicted. In this respect the sentencing methodology in this subsection is different from, and supercedes, the methodology employed in U.S.S.G. § 2D1.1."). Thus, because the defendants were sentenced based on a "sentencing range" that was not subsequently lowered by Amendment 706, we concluded that the district court lacked authority to grant a sentencing reduction under § 3582(c)(2). Moore, 541 F.3d at 1327, 1330.

### III.

In this case, Whitehead's primary argument on appeal is that he was eligible for a sentencing reduction because Amendment 706 would lower his base offense level. Whitehead's argument, however, was squarely rejected by this Court in Moore. See 541 F.3d at 1330 ("[A]lthough Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1.").

Whitehead presents only one other argument on appeal that is worthy of discussion, namely, that his sentence was not based on his career offender range because the court downwardly departed from that range. In Moore, we addressed a

7

similar argument advanced by two defendants that "they [we]re eligible for reductions because they received downward departures, and thus were not sentenced within the career offender guideline ranges." 541 F.3d at 1329. In rejecting this argument, we contrasted two district court cases where the defendants received sentencing reductions. In the first district court case, the sentencing court granted a career offender a downward departure under § 4A1.3 and "sentenced the defendant within the otherwise applicable guideline range." Id. In the second district court case, the sentencing court similarly granted a career offender a downward departure under § 4A1.3 and "assigned the offense level that would have applied absent the career offender designation." Id. The court subsequently granted the defendant a reduction because § 2D1.1, rather than § 4B1.1, "provided the basis for the selection of the defendant's offense level." Id.

We then explained that, although two of the defendants in Moore "also received downward departures, their sentences were determined by a different process." Id. at 1330. With respect to the first defendant, the sentencing court granted a downward departure based on his substantial assistance under U.S.S.G. 5K1.1, but did not provide "any indication that [it] based [its] sentence on the guideline range that would have applied absent the career offender designation." Id. Thus, we determined that, unlike the two district court cases, there was "no

8

basis for concluding that the reduction of [the defendant's] base offense level lowered the sentencing range relied upon by the district court in determining his sentence." Id. Similarly, with respect to the second defendant, the sentencing court granted her a downward departure based on § 5K1.1, but "did not find that a career offender designation was unwarranted" and did not "calculate [her] sentencing range by applying her otherwise applicable offense level and criminal history category." Id. Thus, we concluded that this defendant was also not eligible for a reduction. Id.

In this case, the sentencing court granted Whitehead a downward departure under § 4A1.3 and reduced his criminal history category from VI to IV. Significantly, however, the court's departure had no effect on Whitehead's offense level of 31, which was determined by the career offender guideline in § 4B1.1. Using that offense level and Whitehead's new criminal history category, the court determined that Whitehead's applicable guideline range was 151-188 months' imprisonment, and the court sentenced him to the low-end of that range.

The critical fact here is that the district court used the offense level from the career offender guideline to calculate Whitehead's applicable guideline range; unlike the district court cases discussed in Moore, the district court here did not use Whitehead's underlying (and superceded) base offense level from § 2D1.1. This

9

fact is dispositive because Amendment 706 only affects base offense levels in § 2D1.1. Thus, Amendment 706 would not reduce the sentencing range upon which Whitehead's sentence was based, despite the fact that the court granted him a downward departure with respect to his criminal history category. Accordingly, this case is controlled by <u>Moore,</u> and we affirm the denial of Whitehead's motion for a sentencing reduction.

**AFFIRMED.**