[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2009
THOMAS K. KAHN
CLERK

No. 08-14949
Non-Argument Calendar

_____

D.C. Docket No. 02-00092-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DUPRE FALLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 22, 2009)

Before BIRCH, HULL and COX, Circuit Judges.

PER CURIAM:

Dupre Falls pled guilty to possession with intent to distribute cocaine base and

possession of a firearm by a convicted felon. He was sentenced to 120 months'

imprisonment. The Sentencing Guidelines were then amended by Amendment 706, which reduced the base offense level for certain crack cocaine offenses two levels. Falls filed a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2), arguing that he was entitled to reduction of his sentence under Amendment 706. The district court disagreed and denied his motion. Falls appeals.

Falls is not entitled to a reduction in his sentence on account of Amendment 706 because Amendment 706 does not reduce the offense level used to calculate his sentence. A modification of a sentence under 18 U.S.C. § 3582 is only available if a sentencing range upon which a prisoner's sentence is based is later lowered. 18 U.S.C. § 3582(c)(2). Here, the district court did not base Falls's sentence on a guideline range modified by Amendment 706, and so Falls is not entitled to any reduction in his sentence.

The probation officer initially assigned Falls a criminal history category of III and a total offense level of 25 based on USSG § 2D1.1(c) (the guideline later modified by Amendment 706). (PSR at 3, 9.) After applying the career offender enhancement, however, the probation officer concluded that Falls had a criminal history category of VI and a base offense level of 31.[1] (PSR at 4, 9.) At sentencing,

_____

[1]The parole officer adjusted the base offense level from 34 to 31 for acceptance of responsibility.

the district court granted Falls's motion for a downward departure on the ground that the career offender status overrepresented Falls's criminal history. In granting the downward departure, however, the district court did not revert to the offense level that would have been applicable absent a career offender status and which would have been affected by Amendment 706. Rather, the district court sought to sentence Falls to a term of imprisonment of 120 months. (R.69 at 8.) To this end, the district court reduced Falls's criminal history category to III, and then assigned Falls a total offense level of 29. (*Id.* at 6-7.) Accordingly, Falls was not sentenced according to a sentencing range later lowered by Amendment 706.[2] Because Falls was not sentenced under any guideline range later lowered by Amendment 706, Falls was not eligible for a sentence reduction under Amendment 706. We affirm the district court's denial of Falls's motion.

AFFIRMED.

---

[2]Falls argues that *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), provides that a sentence reduction based on Amendment 706 can be appropriate even for career offenders, provided they receive a downward departure. In *Moore*, we held that Amendment 706 did not apply retroactively to sentences of defendants sentenced as career offenders. 541 F.3d at 1330. Because we conclude that Falls is not entitled to any sentence reduction under the plain language of 18 U.S.C. § 3582, we need not address whether any exception exists to the general rule in *Moore*.