[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-12126
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-80143-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER PHILIP DILEO,
a.k.a. Philip Dileo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 27, 2009)

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Christopher Philip Dileo, who was convicted of, inter alia, a crack cocaine offense, appeals through counsel the district court's denial of his pro se motion for modification of sentence, pursuant to 18 U.S.C. § 3582(c)(2) and based on Amendment 706, which reduced the base offense levels applicable to crack cocaine offenses. The district court denied the motion because Dileo's base offense level was determined using the career-offender guideline, U.S.S.G. § 4B1.1, rather than the drug-quantity guideline, U.S.S.G. § 2D1.1. Dileo argues that this was error because he actually was not sentenced as a career offender, given that the district court granted a downward departure from the career-offender guideline imprisonment range because of his diminished mental capacity. Dileo also argues that the Sentencing Guidelines are merely advisory, and that the district court should have departed beyond two levels in light of the continued sentencing disparity between cocaine powder and crack cocaine. Based on our precedent in United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554), we affirm.[1]

We review de novo "the district court's legal conclusions regarding the

_____

[1] Upon Dileo's appeal from the district court's denial of his motion, we ordered Dileo's appeal stayed pending resolution of Moore. After deciding Moore, we directed the parties to advise whether any issues remained unresolved. Based on the parties' responses, we ordered that the matter be briefed.

scope of its authority under the [Guidelines]." Id. Pursuant to § 3582(c)(2), when an already-incarcerated defendant's sentence was determined using a guideline range that retroactive amendments to the Guidelines have reduced, the district court may reduce the sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) and if such a reduction would be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Pursuant to § 1B1.10, a reduction is not consistent with its policy statements if the retroactive amendment in question does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

In Moore, we held that, when a defendant was sentenced as a career offender, and § 2D1.1 played no role in the calculation of his career offender guideline range, his sentenced was not "based on a sentencing range that has subsequently been lowered" and the district court lacked authority to grant a reduction under Amendment 706. 541 F.3d at 1327-28, 1330. We held that this was so even when a defendant was granted a downward departure based on diminished capacity. Id. at 1330. We reasoned that, because the district court did not calculate the defendant's guideline range using § 2D1.1, her sentence was not affected by Amendment 706. Id.

The district court did not err in denying Dileo's motion. See id. at 1326.

3

Nothing in the record suggests that the holding in <u>Moore</u>, that defendants who are sentenced as career offenders are not entitled to reductions, even if they are granted a downward departure, does not apply. <u>See</u> <u>id.</u> at 1327-28, 1330. The district court set Dileo's base offense level pursuant to § 4B1.1. The district court's downward departure was taken from this base offense level. Because he was not sentenced based upon the § 2D1.1 base offense level, Amendment 706 did not affect Dileo's sentence. <u>See</u> <u>id.</u> To the extent that Dileo argues that <u>United States v. Booker</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), gave the district court an independent basis to grant a sentencing reduction, his argument is foreclosed by <u>United States v. Melvin</u>, 556, F3d 1190, 1192-93 (11th Cir. 2009) (holding that <u>Booker</u> "do[es] not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"), <u>petition for cert. filed</u>, (U.S. Feb. 10, 2009) (No. 08-8664). Accordingly, we affirm.

     **AFFIRMED.**