[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12646
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00005-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERVANDO FERGUSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 30, 2009)

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Servando Ferguson, a federal prisoner convicted of crack cocaine offenses, appeals the district court's denial of his counseled 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine offenses.

Ferguson contends that he was not sentenced as a career offender pursuant to U.S.S.G. § 4B1.1, but instead was sentenced pursuant to U.S.S.G. § 2D1.1, and, for that reason United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied sub nom. McFadden v. United States, 129 S. Ct. 965 (2009), is inapplicable and he is entitled to § 3582 relief.   To the contrary, Ferguson was sentenced as a career offender pursuant to § 4B1.1, instead of based on the drug quantity in § 2D1.1. The applicable base offense level under § 4B1.1 applied because it was greater than the § 2D1.1 base offense level.  See U.S.S.G. § 4B1.1(b) (stating that the base offense level in § 4B1.1 applies as long as it is higher than the "offense level otherwise applicable," such as the levels under § 2D1.1).  Because Ferguson was sentenced based on the career offender guideline section, the base offense levels under § 2D1.1 "played no role in the calculation of [the guideline] range[ ]," and the lowering of the § 2D1.1 levels did not lower his guideline range, the Moore decision applies.  See Moore, 541 F.3d at 1327; see also U.S.S.G. § 1B1.10 cmt. n.1(A) (stating that a reduction under § 3582(c)(2) is not authorized where "the

2

amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision").

Ferguson also contends that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), rendered the Guidelines advisory in the § 3582 context. That argument is precluded by our decision in United States v. Melvin, 556 F.3d 1190 (11th Cir. 2009). Ferguson asks that we hold his case in abeyance pending the resolution of the petition for hearing en banc in United States v. Argro, No. 08-14591. We decline to do so because the filing of a petition for hearing en banc has no effect on the precedential effect of any of our decisions.

**AFFIRMED.**