[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 5, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11230

_____

D. C. Docket No. 03-80117-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY MOORE,
a.k.a. Nino,

Defendant-Appellant.

_____

No. 08-11341

_____

D. C. Docket No. 97-08032-CR-DTKH

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                            versus

RALPH EDWARD WESTER,

                                        Defendant-Appellant.

                    _____

                         No. 08-11484

                    _____

               D. C. Docket No. 02-80051-CR-DTKH

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                            versus

THEODORA LAWTON,
a.k.a. George,
a.k.a. Burn,
a.k.a. Chicken George,

                                        Defendant-Appellant.

                    _____

                         No. 08-11526

                    _____

               D. C. Docket No. 97-08056-CR-DTKH

2

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

                              versus

CLARENCE COLLINS,

                                                        Defendant-Appellant.

                    _____

                         No. 08-13132
                    _____

                D. C. Docket No. 04-14022-CR-DMM

UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

                              versus

KEITH MAURICE MCFADDEN,
a.k.a. Shine,

                                                        Defendant-Appellant.

                    _____

              Appeal from the United States District Court
                  for the Southern District of Florida
                    _____

                      **(September 5, 2008)**

3

Before WILSON, PRYOR and COX, Circuit Judges.

WILSON, Circuit Judge:

In this consolidated appeal, Gary Moore, Ralph Edward Wester, Theodora Lawton, Clarence Collins, and Keith Maurice McFadden ("defendants") appeal separate district court decisions denying their motions for reduced sentences under 18 U.S.C. § 3582(c)(2). The defendants' motions were all based on Amendment 706 to the Sentencing Guidelines, which, together with Amendment 713, retroactively reduced the base offense levels applicable to crack cocaine offenses. The district courts denied their motions on the ground that, because the defendants were sentenced as career offenders under U.S.S.G. § 4B1.1, Amendment 706 did not have the effect of lowering their applicable guideline ranges. We affirm.

## I. BACKGROUND

Defendants are federal prisoners convicted of unrelated crack cocaine offenses. In each case, the defendant's base offense level was calculated pursuant to U.S.S.G. § 2D1.1, which considers the quantity of drugs involved in the offense. However, in each case, the defendant was classified as a career offender under § 4B1.1(a) because the defendant was at least eighteen years old at the time of the instant offense, the instant offense was a felony drug offense, and the defendant had at least two prior felony convictions of either a crime of violence or

4

a drug offense. As a career offender, each defendant was assigned an offense level of 37 because the instant offense had a maximum statutory penalty of life imprisonment. *See* U.S.S.G. § 4B1.1(b). Four of the five defendants received a three-level reduction for acceptance of responsibility, resulting in a total adjusted offense level of 34. All defendants automatically received a criminal history category of VI under § 4B1.1(b) because of their career offender designations.

The applicable guideline range in each case was determined according to the Sentencing Table in Chapter 5, Part A of the Guidelines. For the defendants receiving the three-level reduction, the applicable range was 262 to 327 months' imprisonment. For the fifth defendant (Wester) the applicable range was 360 months to life imprisonment. Collins, Wester, and McFadden each received a sentence within the applicable guideline range.

In the cases of Lawton and Moore, the court imposed a sentence below the applicable range. As to Lawton, the court departed downward to a range of 168 to 210 months' imprisonment after finding that Lawton suffered from diminished capacity. *See* U.S.S.G. § 5K2.13. The court sentenced Lawton to a term of 180 months' imprisonment. In Moore's case, the government filed a motion pursuant to § 5K.1 and 18 U.S.C. § 3555(a) asking the court to depart from the calculated guideline range because of Moore's substantial assistance to the government. The

court granted the motion and imposed a sentence of 132 months' imprisonment.

On November 1, 2007, the Sentencing Commission promulgated Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). The effect of Amendment 706 is to provide a two-level reduction in base offense levels for crack cocaine offenses. *See id.* The Commission made this amendment retroactively applicable, effective as of March 3, 2008. *See* U.S.S.G. App. C, Amend. 713 (Supp. May 1, 2008) (listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable amendment).

Following the issuance of Amendment 706, each defendant filed a post-sentencing motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). In the cases of Moore, Wester, Lawton, and Collins, the district court issued virtually identical orders denying the motions. In each case, the court found that a reduction in sentence was not authorized by § 3582(c)(2) because Amendment 706 did not affect the defendant's status as a career offender under § 4B1.1, and therefore did not lower the applicable guideline range. The court in McFadden's case denied his motion on the same grounds and later denied reconsideration. Following the defendants' timely appeals, we consolidated the cases into the present appeal.

## II. STANDARD OF REVIEW

In a § 3582(c)(2) proceeding, "we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam). "We review *de novo* questions of statutory interpretation." *United States v. Maupin*, 520 F.3d 1304, 1306 (11th Cir. 2008) (per curiam).

## III. DISCUSSION

### A. Jurisdiction

Before considering the merits, we briefly address an issue pertaining to jurisdiction. *See United States v. Cartwright*, 413 F.3d 1295, 1299 (11th Cir. 2005). At oral argument, we inquired as to whether the district court lacked subject matter jurisdiction over the motions filed by Moore, Wester, Lawton, and Collins, given that those motions were filed before March 3, 2008, the date Amendment 706 became retroactively applicable.[1]

We have not previously addressed whether the premature filing of a § 3582(c)(2) motion deprives the district court—and therefore this court—of subject matter jurisdiction over the motion. Recently, the Third Circuit suggested that

---

[1] McFadden filed his motion after March 3, 2008, and therefore the jurisdictional issue is not implicated in his case.

7

before March 3, 2008, district courts lacked authority under § 3582(c)(2) to apply Amendment 706 retroactively. *See United States v. Wise*, 515 F.3d 207, 220-21 (3d Cir. 2008) (stating that defendant could file a § 3582(c)(2) motion based on Amendment 706 only after it became retroactive on March 3, 2008).[2] However, *Wise* does not indicate whether the courts lacked subject matter jurisdiction before that date. At least one other circuit has concluded that not all errors under § 3582(c)(2) are jurisdictional in nature. *See United States v. Lawrence*, 535 F.3d 631, 638 (7th Cir. 2008).

We leave for another day the question whether a district court has subject matter jurisdiction over a § 3582(c)(2) motion before the relevant amendment becomes retroactive. In the present cases, any jurisdictional defects that may have existed were cured by the fact that the district court ruled on the defendants' motions after March 3, 2008. This conclusion is supported by language in the statute authorizing the district court to reduce a defendant's sentence "on its own motion." 18 U.S.C. § 3582(c)(2). If, after March 3, 2008, a district court may *sua sponte* reduce a defendant's sentence, it would be anomalous to hold that the court lacked jurisdiction to do so in response to a defendant's motion, simply because

---

[2] *See also United States v. Tensley*, No. 07-15649, 270 F. App'x 758, 759 (11th Cir. 2008) (unpublished opinion) (affirming denial of § 3582(c)(2) motion based on Amendment 706 because defendant filed motion before March 3, 2008).

8

the motion was filed before March 3. We thus conclude that there was no jurisdictional bar to the district court's consideration of the § 3582(c)(2) motions in these cases.

### B. District Court's Authority Under § 3582(c)(2)

Section 3582(c) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Thus, the question before us is whether the defendants' sentences were "based on a sentencing range that has subsequently been lowered." The defendants argue that this language should be read to apply in cases where a defendant's base offense level has been altered by a retroactively applicable guideline amendment. In such cases, they argue, the district court must recalculate the applicable guideline range and then determine, in light of the 18 U.S.C. §

9

3553(a) factors, whether a reduction is warranted.

The government responds that the defendants are ineligible for relief because they were sentenced as career offenders, and therefore Amendment 706 has no effect on their guideline ranges. While acknowledging that the amendment lowers the defendants' base offense levels, the government notes that their final offense levels were determined by § 4B1.1, the career offender guideline. Because Amendment 706 did not alter the sentencing ranges for career offenders, the government contends that the district courts lacked authority to reduce the defendants' sentences.

The plain language of § 3582(c)(2) favors the government's interpretation. By its terms, the statute applies to a defendant whose sentence was "based on" a subsequently-lowered "sentencing range." Here, the defendants' sentences were based on the guideline ranges applicable to career offenders under § 4B1.1. The defendants' base offense levels under § 2D1.1 played no role in the calculation of these ranges. Thus, Amendment 706's effect on the defendants' base offense levels would not lower the sentencing ranges upon which their sentences were based.

Further supporting the government's position is U.S.S.G. § 1B1.10, the recently-revised policy statement addressing reductions in sentences as a result of

amended guideline ranges.  This statement provides in relevant part:

> (2) Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
> . . .
> (B) an amendment listed in subsection (b) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a) (made effective on March 3, 2008, by Amendment 712).

An application note to § 1B1.10(a) makes clear that it was intended to apply in circumstances such as these.  Application Note 1(A) provides that a reduction under § 3582(c)(2) is not authorized where "the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline* or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10, comment. (n.1(A)) (emphasis added).  Here, Amendment 706 is "applicable to the defendant[s]" in that it reduces their base offense levels, but it does not have the effect of lowering their applicable guideline ranges because of the application of the career offender guideline.  Thus, the Sentencing Commission contemplated that inmates in the defendants' position would not be eligible for relief under § 3582(c)(2).

We note further that the government's construction of the statute has been

adopted by at least one of our sister circuits. In *United States v. Thomas*, 524 F.3d

889 (8th Cir. 2008) (per curiam), the court affirmed the denial of a § 3582(c)(2)

motion based on Amendment 706 where the defendant was sentenced as a career

offender under § 4B1.1. The court explained:

> Mr. Thomas was sentenced as a career offender, and his sentencing range was therefore determined by § 4B1.1, not by § 2D1.1. Although the Sentencing Commission lowered the offense levels in USSG § 2D1.1(c) related to crack-cocaine drug quantities, it did not lower the sentencing range for career offenders under USSG § 4B1.1, which is what set Thomas's sentencing range. Mr. Thomas has therefore not met the eligibility requirements for a reduction in his sentence. Application of Amendment 706 would not lower Thomas's applicable guideline range.

*Id.* at 890 (citation omitted); *see also United States v. Tingle*, 524 F.3d 839, 840

(8th Cir. 2008) (per curiam) (same).[3]

The defendants argue that this authority is inconsistent with our decisions in

*United States v. Bravo*, 203 F.3d 778 (11th Cir. 2000), and *United States v. Brown*,

104 F.3d 1254 (11th Cir. 1997) (per curiam). In *Bravo*, the district court granted a

reduction under § 3582(c)(2) based on a retroactively applicable guideline

---

[3] We have applied the same reasoning in unpublished decisions involving other guideline amendments. *See, e.g.*, *United States v. Lee* (No. 07-11877, Feb. 26, 2008, 11th Cir.) (unpublished opinion) (affirming denial of § 3582(c)(2) motion because defendant was sentenced as career offender, and therefore guideline amendment was not implicated); *United States v. Hankerson* (No. 06-13228, Mar. 19, 2007, 11th Cir.) (unpublished opinion) (same); *United States v. Atwell* (No. 05-10064, Mar. 6, 2006, 11th Cir.) (unpublished opinion) (same). Although these decisions are not binding upon us, they provide additional persuasive authority in support of the government's position.

amendment. 203 F.3d at 780. The issue before us was whether the court was required to depart below the revised guideline range. *Id.* In affirming the district court, we stated that a court applying an amendment under § 3582(c) "must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guidelines range, and then using that new base level to determine what ultimate sentence it would have imposed." *Id.* We then instructed courts to determine, in light of the § 3553(a) factors, whether to impose the newly calculated sentence or to retain the original sentence. *Id.* at 781. Defendants cite this language for the proposition that a district court is authorized to grant a reduction under § 3582(c)(2) where a retroactive amendment reduces the defendant's base offense level. However, *Bravo* is inapposite because the defendant in that case was not sentenced as a career offender. Therefore, the amendment at issue actually affected the guideline range applicable to him. *Bravo* thus does not control the present case, where the relevant amendment would have no effect on the defendants' guideline ranges.

In *Brown*, the defendant argued that the district court did not provide a sufficient analysis of the § 3553(a) factors in declining to exercise its discretion to reduce his sentence under § 3582(c)(2). 104 F.3d at 1255. Defendants rely on

language from the case in which we stated that a retroactive amendment reducing the defendant's base offense level would authorize the district court to reduce his sentence. *See id.* ("As Brown's base offense level would have been lower had he been sentenced after the effective date of Amendment 505, § 1B1.10 of the Sentencing Guidelines authorized the district court to reduce his sentence."). Again, however, this language does not control the present appeals because, as in *Bravo*, there is no indication that the defendant was sentenced as a career offender. Moreover, the issue in *Brown* was whether the district court abused its discretion by failing to explain its reasons for denying the defendant's § 3582(c)(2) motion. *Id.* at 1255. Thus, the issue of the court's initial authority to act under § 3582(c)(2) was not before us.

Defendants Moore and Lawton argue that they are eligible for reductions because they received downward departures, and thus were not sentenced within the career offender guideline ranges. In support, they rely on a recent decision from the District of Columbia district court, *United States v. Ragland*, Criminal No. 98-0196-01, __ F. Supp. 2d __, 2008 WL 2938662 (D.D.C. July 31, 2008). The defendant in *Ragland* was a career offender within the meaning of § 4B1.1. *Id.* at *1. However, the sentencing court determined that treating the defendant as such would overstate the seriousness of his criminal history and his likelihood of

recidivism. *Id.* Therefore, pursuant to U.S.S.G. § 4A1.3, the court departed downward from the career offender range and sentenced the defendant within the otherwise applicable guideline range. *Id.* Subsequently, the defendant filed a § 3582(c)(2) motion based on Amendment 706. The government neither opposed a reduction in sentence nor argued that the defendant was subject to the career offender guideline range. *Id.*

A similar situation was presented in *United States v. Poindexter*, 550 F. Supp. 2d 578 (E.D. Pa. 2008). As in *Ragland*, the district court in *Poindexter* found that the career offender guideline overrepresented the defendant's total offense level. *Id.* at 579. The court thus departed downward pursuant to § 4A1.3 and assigned the offense level that would have applied absent the career offender designation. *Id.* at 580-81. The court then sentenced the defendant within the resulting guideline range. *Id.* at 579. Following the defendant's § 3582(c)(2) motion, the court held that the defendant was eligible for a reduction based on Amendment 706. *Id.* at 582. The court determined that § 2D1.1 governed the defendant's sentence because that guideline provided the basis for the selection of the defendant's offense level. *Id.* at 581. Because the defendant's sentence was based on a guideline that had been revised, the court concluded that relief under § 3582(c)(2) was permitted. *Id.* at 582.

The circumstances in Moore's and Lawton's cases differ from those in *Ragland* and *Poindexter*. In those earlier decisions, the defendants received departures pursuant to § 4A1.3, which authorizes a departure where the seriousness of the defendant's criminal history would otherwise be substantially overrepresented. Based on that guideline, the courts reduced the defendants' offense levels to those that would be in effect absent the career offender guideline. Those offense levels—which were determined by the Drug Quantity Table in § 2D1.1(c)—were applied together with the defendants' criminal history categories to determine the applicable guideline ranges. Thus, the changes to the Drug Quantity Table effected by Amendment 706 lowered the sentencing ranges upon which Ragland's and Poindexter's sentences were based. In such circumstances, a reduction in sentence is within the district court's discretionary authority under § 3582(c)(2).

Although Moore and Lawton also received downward departures, their sentences were determined by a different process. In Moore's case, the probation officer assigned Moore a total offense level of 34 and a criminal history category of VI following the application of the career offender guideline. These assignments yielded a guideline range of 262 to 327 months' imprisonment. The government filed a downward departure motion pursuant to § 5K1.1 and 18 U.S.C.

16

§ 3553(a) based on Moore's substantial assistance, and the court imposed a sentence of 132 months' imprisonment. In the "Statement of Reasons" completed in connection with sentencing, the court indicated that the departure was predicated on the government's § 5K1.1 motion. The court did not find that the seriousness of Moore's criminal history would be overrepresented by application of § 4B1.1. Nor is there any indication that the court based Moore's sentence on the guideline range that would have applied absent the career offender designation. Thus, in contrast to *Ragland* and *Poindexter*, there is no basis for concluding that the reduction of Moore's base offense level lowered the sentencing range relied upon by the district court in determining his sentence.

In Lawton's case, the probation officer likewise assigned a total offense level of 34 and a criminal history category of VI. On February 5, 2004, Lawton appeared for sentencing and sought a downward departure based on her diminished capacity. Judge Hurley found that Lawton did suffer from diminished capacity and departed downward to a guideline range of 168 to 210 months. The transcript of the hearing indicates that Judge Hurley arrived at this range by departing downward by a total of four offense levels. Judge Hurley then imposed a sentence of 180 months. Thus, as in Moore's case, the district court did not find that a career offender designation was unwarranted as to Lawton. Nor did the

17

court calculate Lawton's sentencing range by applying her otherwise applicable offense level and criminal history category. Accordingly, the range upon which Lawton's sentence was based is unaffected by the change in her base offense level.

## IV. CONCLUSION

In light of the foregoing, we conclude that the district courts properly determined that they lacked authority under § 3582(c)(2) to grant the requested sentence reductions in these cases. Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence. Here, although Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1. Accordingly, we affirm the denials of the defendants' motions.

**AFFIRMED.**