[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 30, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12278
Non-Argument Calendar

_____

D. C. Docket No. 94-00018-CR-001-CAR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

INES MORENO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(December 30, 2008)**

Before TJOFLAT, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

On June 2, 1994, appellant pled guilty, pursuant to a plea agreement, to

possession with intent to distribute cocaine base, and on November 1, 1994, the district court sentenced him to prison for a term of 480 months.[1]  The court subsequently reduced the sentence to 420 months on the Government's motion to reduce the sentence for appellant's substantial assistance.

On March 4, 2008, appellant moved the court pursuant to 18 U.S.C. § 3582(c)(2) to reduce his sentence based on Amendment 706 to the Guidelines, a retroactive amendment that lowered the base offense levels for cocaine base offenses.  Appellant asked for a reduction of his base offense level by 10 levels (from 40 to 30), which would yield a sentence range of 130 to 162 months.  The district court denied his motion.  In doing so, the court adhered to the offense level and criminal history category computations it had made when sentencing appellant in November 1994 and stated:

> Retroactive amendment # 706 is applicable to defendant's case.  However, given the amount of drugs used to calculate the guideline range, the sentencing range remains the same.  The sentence of 420 months imprisonment as reflected in the order of 02/25/1999 based on a motion pursuant to Rule 35(b) [of the Federal Rules of Criminal Procedure] remains the same sentence of the Court.  The factors set forth at 18 U.S.C. § 3553(a) were considered in this ruling.

---

[1]  The offense involved 25 kilograms of cocaine base.  Under U.S.S.G. § 2D1.1(c), the base offense level for 25 kilograms of cocaine base was 38.  The court enhanced this level by two levels for obstruction of justice, resulting in a total offense level of 40.  Coupled with a criminal history category of VI, the Guidelines prescribed a sentence range of 360 months to life. Section 841(b)(10(A) if Title 21 prescribed a mandatory minimum sentence of five years and a maximum of 40 years.  Given this maximum, the Guidelines sentence range became 360 months to 480 months' imprisonment.

Appellant now appeals the ruling, contending that the district court failed to comply with the requirements of 18 U.S.C. § 3553(c) because, in denying his motion, it did not make an adequate statement of its reasons for the imposition of his 420 months' sentence as required by Rita v. United States, 551 U.S. ___, 127 S.Ct. 2456, 168 L.Ed. 2d 203 (2007). That is, the court's statement that it had considered the § 3553(a) factors constituted an insufficient explanation of its reason for imposing the 420 months' sentence.

A district court may not modify a term of imprisonment once imposed unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. See 18 U.S.C. § 3582(c). Section 3582(c) provides such permission. It states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). When a retroactive amendment changes a defendant's base offense level but does not lower his sentence range, however, the district court lacks jurisdiction to reduce a sentence under § 3582(c)(2). United States v. Moore,

3

541 F.3d 1323, 1327-29 (11th Cir. 2008).

Amendment 706, promulgated on November 1, 2007, amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, Amend. 706 (2007). The effect of the amendment is to provide a two-level reduction in base offense levels for certain crack-cocaine offenses. See id. The Sentencing Commission made this amendment retroactively applicable, effective as of March 3, 2008. See U.S.S.G., App. C, Amend. 713 (Supp. May 1, 2008). After the implementation of the amendment, defendants held accountable for more than 4.5 kilograms of cocaine base, rather than the prior amount of 1.5 kilograms, are assigned a base offense level of 38. U.S.S.G. § 2D1.1(c)(1).

The district court did not err in concluding that it lacked jurisdiction to reduce appellant's sentence because, under Amendment 706, appellant's base offense level – due to the amount of drugs for which the court properly held him accountable – did not change. It remained at 38.

AFFIRMED.