[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14566
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 92-03008-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALBERTO SANCHEZ,
a.k.a. Cheo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 9, 2009)

Before TJOFLAT, BIRCH and HULL, Circuit Judges.

PER CURIAM:

In 1992, Jose Alberto Sanchez pled guilty to conspiracy to possess with

intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. At sentencing, the district court found Sanchez accountable for more than 2.5 kilograms of the drug. That amount yielded a base offense level of 38. Sanchez's total offense level was 41.[1] That level coupled with a criminal history category of IV yielded a Guidelines sentence range of 360 months to life imprisonment. The district court sentenced Sanchez to a prison term of 366 months.

In March 2008, Sanchez moved the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Guidelines Amendment 706, which is retroactive, that lowered base levels for crack cocaine. The court denied his motion. He now appeals its decision, contending that he is entitled to a sentence reduction because Amendment 706 reduced his base offense level and, therefore, lowered his sentence range under the Guidelines.

Under § 3582, a district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule provides that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

---

[1] The court increased Sanchez's offense level to 43 because he was a manager or supervisor of the drug conspiracy and possessed a firearm in connection with the offense, and then reduced the offense level to 41 because he accepted responsibility for his criminal conduct.

lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Amendment 706 provides a two-level reduction in base offense levels for certain crack-cocaine offenses. Even if this lowers Sanchez's offense level from 41 to 39, a level 39 coupled with a criminal history category of IV still yields a Guidelines range sentence of 360 months to life imprisonment. In United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008), we held that a defendant whose base offense level was lowered by Amendment 706 was not entitled to a sentence reduction if the amendment did not lower his Guidelines sentence range. Because Amendment 706 had no effect on Sanchez's sentence range, he is ineligible for a sentence reduction under § 3582(c)(2). The district court's ruling is accordingly

AFFIRMED.