[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16448
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-14044-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAKARIA VASHON MCCRAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 20, 2009)

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Pursuant to a plea agreement, Takaria Vashon McCray pled guilty on

December 13, 2004, to possession with intent to distribute more than five grams of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a). The Guidelines prescribed a sentence range of 188 to 235 months' imprisonment, and, after making a downward departure from that range under U.S.S.G. § 5K1.1, the district court sentenced McCray on March 31, 2005, to prison term of 120 months.

On July 14, 2008, McCray moved the district court pursuant to 18 U.S.C. § 3582(c) to reduce his sentence based on Amendment 706 to the Guidelines, which provides for the reduction of base offense levels applicable to crack cocaine. The district court denied his motion on the ground that because he was sentenced as a career offender under U.S.S.G. § 4B1.1, Amendment 706 does not lower his base offense level. McCray now appeals the court's ruling.

McCray concedes that our precedent forecloses his argument that the court should have reduced his sentence; he appeals simply to preserve the issue. His concession is well made since our precedent does foreclose his appeal. "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554).

2

Because McCray's sentencing range was calculated under the career offender provisions of § 4B1.1, rather than the drug quantity table in § 2D1.1, Amendment 706 does not have the effect of lowering McCray's sentencing range.

AFFIRMED.