[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13881
Non-Argument Calendar
_____

D. C. Docket No. 04-00104-CR-FTM-33-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LISA HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 13, 2009)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

On November 30, 2005, the district court, after accepting appellant's plea of

guilty, sentence appellant to concurrent prison sentences of 235 months for conspiracy to possess with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 846, and for possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1).[1]

In March 2008, appellant moved the district court to reduce her sentences pursuant to Amendment 706 to the Sentencing Guidelines, which reduces the offense levels for cocaine base. The court denied her motion, concluding that since her offense level was determined under the career offender Guideline, she was ineligible for a sentence reduction under Amendment 706. She now appeals contending that, although she qualified as a career offender at sentencing, the court departed downward based upon the finding that her criminal history category overstated her criminal record. Accordingly, she contends that she is eligible for sentence reduction under Amendment 706.

A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C.

---

[1] The presentence report, and the district court, calculated appellant's base offense level at 32 under U.S.S.G. § 2D1.1(c)(4), and determined that she was a career offender under U.S.S.G. § 4B1.1. Because the statutory maximum sentence life imprisonment, her offense level became 37. After reducing that level for her acceptance of responsibility and reducing her criminal history category to V, the court arrived as a sentence range of 235 to 293 months' imprisonment.

§ 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id  The applicable policy statements provide that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if" a retroactive amendment applies to the defendant but "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)).

Here, although, at sentencing, the district court departed downward in arriving at appellant's criminal history category, her offense level was calculated by application of the career offender provision. Thus, the sentence range upon which her sentences were based was not affected by Amendment 706, and she is ineligible for sentence reduction. See United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08-8554).

AFFIRMED.