[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16231
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-80133-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY DIGGS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 19, 2009)

Before CARNES, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Diggs, through counsel, appeals the district court's order denying

his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. Diggs's motion was based on Amendment 706 to the sentencing guidelines, which reduced the base offense levels applicable to crack cocaine offenses. Diggs now concedes that he is ineligible for a sentence reduction under Amendment 706 because he was sentenced as a career offender under United States Sentencing Guidelines § 4B1.1, but he seeks to preserve his claim that the district court erred for further review.

As Diggs concedes, the district court did not err in denying his motion for sentence reduction because he was sentenced as a career offender, and thus the crack cocaine offense level played no ultimate role in his sentence. See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence. Here, although Amendment 706 would reduce the base offense levels applicable to the defendants, it would not affect their guideline ranges because they were sentenced as career offenders under § 4B1.1."), cert. denied, McFadden v. United States, 129 S. Ct. 965 (2009).

**AFFIRMED.**