[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15953
Non-Argument Calendar
_____

D. C. Docket No. 92-00270-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES WALKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 19, 2009)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

James Walker, through counsel, appeals the district court's denial of his

motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2). Walker's

§ 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines,

which reduced the base offense levels applicable to crack cocaine offenses. On

appeal, Walker, who was sentenced based on his status as a career offender,

acknowledges that, in United States v. Moore, 541 F.3d 1323, 1330 (11th Cir.

2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert.

denied, (U.S. Mar. 9, 2009) (No. 08-8554), we held that defendants whose

sentencing ranges were based on their career offender status are not eligible for

relief under § 3582(c)(2) and Amendment 706. Walker asserts, however, that

Moore was wrongly decided, and, pursuant to the Supreme Court's decision in

United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the

district court should have reevaluated the substantive reasonableness of his

sentence.

"Under the well-established prior panel precedent rule of this Circuit, the

holding of the first panel to address an issue is the law of this Circuit, thereby

binding all subsequent panels unless and until the first panel's holding is overruled

by the Court sitting en banc or by the Supreme Court." Smith v. GTE Corp., 236

F.3d 1292, 1300 n.8 (11th Cir. 2001). Thus, we affirm the denial of Walker's

§ 3582(c)(2) motion in accordance with Moore. 541 F.3d at 1330.

2

**AFFIRMED.**