[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16829
Non-Argument Calendar

_____

D. C. Docket No. 06-14042-CR-JEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT EARL NETTLES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 20, 2009)

Before CARNES, HULL and FAY, Circuit Judges.

PER CURIAM:

Robert Earl Nettles, a federal prisoner convicted of a crack cocaine offense,

appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence. After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify an already incarcerated defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 965 (2009), and ___ S. Ct. ___, 2009 WL 301854 (U.S. Mar. 9, 2009) (No. 08-8554); see also U.S.S.G. § 1B1.10(a)(2)(B). A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A).

The district court did not err in denying Nettles a § 3582(c)(2) sentence reduction. Nettles's § 3582(c)(2) motion was based on Amendment 706 to the

---

[1]In a § 3582(c)(2) proceeding, we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008).

2

Sentencing Guidelines, which reduced most of the base offense levels in U.S.S.G. § 2D1.1(c) applicable to crack cocaine offenses. See U.S.S.G. App. C, amends. 706, 713. Nettles concedes that he was sentenced as a career offender. Thus, Nettles's offense level was based on U.S.S.G. § 4B1.1, not on U.S.S.G. § 2D1.1(c). This Court concluded in United States v. Moore that a crack cocaine defendant, like Nettles, who was sentenced as a career offender under § 4B1.1 is not eligible for a § 3582(c)(2) sentence reduction based on Amendment 706. See 541 F.3d at 1327-29. Thus, the district court did not have authority to reduce Nettles's sentence under § 3582(c)(2).

**AFFIRMED.**