[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 16, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16402
Non-Argument Calendar

_____

D. C. Docket No. 99-00047-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KAKIO KARON BARNES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 16, 2009)

Before EDMONDSON, HULL and FAY, Circuit Judges.

PER CURIAM:

Defendant-Appellant Kakio Karon Barnes, proceeding pro se, appeals the district court's denial of his section 3582(c)(2) motion to reduce sentence, 18 U.S.C. §3582(c)(2).[1] No reversible error has been shown; we affirm.

Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute fifty grams or more of crack cocaine. Defendant was found to be a career offender; his sentencing range calculated under the career offender provisions of U.S.S.G. §4B1.1 trumped the sentencing range that otherwise would have applied when calculated under the drug quantity tables of U.S.S.G. §2D1.1.  As a career offender, Defendant was sentenced to 168 months' imprisonment followed by 5 years' supervised release.

Defendant filed his section 3582(c)(2) motion for reduction of sentence based on Amendment 706 which amended the base offense levels in U.S.S.G. §2D1.1(c) applicable to cocaine base offenses.[2]  Defendant argues that his sentencing as a career offender is no bar to the section 3582 relief he seeks. Defendant's argument is foreclosed by United States v. Moore, 541 F.3d 1323

---

[1]In response to Defendant's appeal, the government moved for summary affirmance or, if the motion was denied, for its motion to be treated as its brief.  We DENY the government's motion for summary affirmance; we GRANT its motion for its motion to be treated as its brief.

[2]Amendment 706 became effective November 1, 2007. See U.S.S.G.App. C, Amend. 706 (2007). The Amendment was made retroactive as of March 3, 2008, by incorporation into § 1B1.10(c). See U.S.S.G.App. C, Amend. 713.

(11th Cir. 2008), cert. denied McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, (U.S. Mar. 9, 2009) (No. 08- 8554).

The district court had no authority to modify Defendant's term of imprisonment. Section 3582 (c)(2) authorizes a court to modify a term of imprisonment once imposed only "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. §3582(c)(2). See Moore, 541 F.3d at 1327; U.S.S.G. §1B1.10, comment. (n.1(A)) (a reduction under §3582 is not authorized where "an amendment ... is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision.").

In Moore, we held that a defendant whose final sentence was based on the career offender provisions of section 4B 1. 1 was not sentenced "based on a sentencing range that has subsequently been lowered." Moore, 541 F .3d at 1327-28. Moore noted that the base offense levels under section 2D 1.1 played no role in the calculation of the sentencing guideline range for the defendant sentenced as a career offender. Id. at 1327. Defendant's contention that the offense levels set out in section 4B1.1 are dependant on the drug quantity table in section

3

2D1.1 is mistaken; the section 4B1.1 offense levels are dependent on the statutory maximum applicable to the offense. See U.S.S.G. §4B1.1(b). Even though Amendment 706 amended retroactively base offense levels under section 2D1.1, it effected no change to Defendant's guidelines range as a career offender; the district court was not authorized to reduce the sentence. Id. at 1330.

AFFIRMED.[3]

---

[3]Defendant's motion for appointment of counsel is DENIED AS MOOT.