[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13730
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 26, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-60310-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUANTRELLE D. GREEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 26, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Quantrelle Green appeals the district court's denial of his 18 U.S.C.

§ 3582(c)(2) motion for a sentence reduction pursuant to Amendment 706 to the Sentencing Guidelines. Green was originally sentenced as a career offender under U.S.S.G. § 4B1.1(b)(B) to a below-Guidelines sentence of 168 months' imprisonment.

Green contends that Amendment 706 applies to this case because the district court, by originally sentencing him below the guidelines range, "implied that the career offender provisions were not totally applicable," and, thus, did not sentence him as a career offender. Alternatively, Green contends that *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), *cert. denied*, *McFadden v. United States*, 129 S.Ct. 965, *and cert. denied*, 129 S.Ct. 1601 (2009), was wrongly decided.

Any sentence reduction under § 3582(c)(2) must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The commentary to U.S.S.G. § 1B1.10 provides that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if" a retroactive amendment applies to the defendant but "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10, comment. (n.1(A)). A defendant sentenced pursuant to an offense level determined by U.S.S.G. § 4B1.1

2

of the Guidelines is not entitled to § 3582(c)(2) relief because Amendments 706 and 713 do not lower the applicable guideline range for such career offenders. *Moore*, 541 F.3d at 1327.

The fact that Green was sentenced below the guidelines range does not mean that his offense level and guidelines range was not determined by the career provision of § 4B1.1 of the guidelines. He was sentenced as a career offender under § 4B1.1 and not under § 2D1.1, even though the court, after calculating his guidelines range varied downward under § 3553(a) to recognize Green's attempts to find employment. In sentencing Green the district court rejected his contention that he should not be sentenced as a career offender. As he conceded in the district court, even with a 2-level reduction in his base offense level under Amendment 706, his guidelines range would have remained the same; it would have because of the career offender provision. And because Green was sentenced as a career offender, he was ineligible for § 3582(c)(2) relief under Amendment 706. *See Moore*, 541 F.3d at 1327.

We are bound to follow our prior binding precedent in *Moore* unless and until it is overruled by us *en banc* or by the Supreme Court. *United States v. Vegas-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

**AFFIRMED**.

3