[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15060
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:07-cr-60032-ASG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCEL TOMLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 25, 2011)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Marcel Tomlin appeals the district court's denial of his motion for a reduced

sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the

Sentencing Guidelines. The district court concluded that he was not entitled to relief under § 3582(c)(2) on the ground that Amendment 706 did not lower the applicable guideline range, because he was sentenced as a career offender under U.S.S.G. § 4B1.1 and Amendment 706 did not affect his status as a career offender. After careful review, we affirm.

We review de novo a district court's legal conclusions about the scope of its authority under 18 U.S.C. § 3582(c)(2) and the Sentencing Guidelines. United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008).

Under § 3582(c)(2), a district court may modify a term of imprisonment once it has been imposed:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. 3582(c)(2). Amendment 706 retroactively lowered the sentencing range applicable to crack cocaine offenses by amending the Drug Quantity Table in U.S.S.G. § 2D1.1(c) "to provide a two-level reduction in base offense levels for crack cocaine offenses." Moore, 541 F.3d at 1325. Thus, Amendment 706 may be

2

the basis for § 3582(c)(2) relief when a defendant's term of imprisonment was based on the sentencing range determined in accordance with the offense level calculations under § 2D1.1.  But, if a defendant is sentenced as a career offender under § 4B1.1(b), § 3582 relief is unavailable because Amendment 706 did not lower the applicable guideline range for career offenders.  Moore, 541 F.3d at 1327.

The record here shows that Tomlin was sentenced as a career offender.  The applicable sentencing range under § 4B1.1(b) was 188 to 235 months' imprisonment, and the range under § 2D1.1 was 155 to 188 months' imprisonment.  Although the district court imposed a sentence of 170 months' imprisonment—i.e., a sentence below the § 4B1.1(b) range and within the § 2D1.1 range—it explicitly clarified that Tomlin was sentenced as a career offender under § 4B1.1(b), with a downward variance based upon certain § 3553 factors.

Since Tomlin's sentence was not based on the sentencing range determined in accordance with the offense level calculations under § 2D1.1, Amendment 706 had no effect on the applicable sentencing range, and consequently, he was ineligible for relief under § 3582(c)(2).  Thus, the district court properly denied his § 3582(c)(2) motion.

**AFFIRMED**.