[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2012
JOHN LEY
CLERK

No. 11-16139
Non-Argument Calendar

_____

D.C. Docket No. 1:95-cr-00451-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY RUTHERFORD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 5, 2012)

Before HULL, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Anthony Rutherford, a federal prisoner proceeding *pro se*, challenges the

district court's denial of his 18 U.S.C. § 3582(c)(2) motion to modify his term of imprisonment based on Amendment 750 to the United States Sentencing Guidelines. Amendment 750 lowered the crack cocaine base offense levels in § 2D1.1. The Amendment became retroactive on November 1, 2011. U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(c) (2011). Because Rutherford was sentenced for committing offenses involving crack cocaine, he argues that he should be resentenced so that he may benefit from Amendment 750. After review, we affirm the district court.

In 1995, a jury convicted Rutherford of conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 3). Because he had at least two prior felony controlled-substance convictions, Rutherford was sentenced under the career offender guideline § 4B1.1.

A district court is not authorized to grant a sentence reduction pursuant to § 3582(c)(2) "where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based . . . ." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

2

The district court did not have authority to reduce Rutherford's sentence because Amendment 750 did not alter the sentencing range for career offenders. Amendment 750 only changed the base offense levels in § 2D1.1. Although Amendment 750 would have reduced Rutherford's adjusted offense level under § 2D1.1 by six levels, the district court sentenced him as a career offender, pursuant to § 4B1.1. Accordingly, the changes enacted in Amendment 750 have no effect on Rutherford's applicable sentencing range, and he cannot obtain relief from a motion filed pursuant to 18 U.S.C. § 3582(c)(2).

**AFFIRMED**.