[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10923
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 25, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:07-cr-20778-JEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALEXANDER ROBIOU,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 25, 2012)

Before HULL, WILSON, and MARTIN, Circuit Judges.

PER CURIAM:

Alexander Robiou filed a motion for a sentence reduction under § 3582(c)(2) because the enactment of Amendment 750 to the Sentencing Guidelines lowered the crack cocaine base offense levels in U.S. Sentencing Guidelines Manual § 2D1.1.  The district court denied his motion, and Robiou timely appealed.  After reviewing the briefs, we affirm the district court.

In 2007, Robiou pled guilty to two counts of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts 1 and 2), one count of conspiracy to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (Count 3), and one count of conspiracy to possess with the intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count 5).  Because of Robiou's prior felony drug conviction, Count 5 carried a statutory mandatory minimum sentence of 120 months' imprisonment. The district court sentenced Robiou to 57 months' imprisonment on Counts 1, 2, and 3, and 120 months' imprisonment on Count 5 with each sentence to run concurrently.  Pursuant to Federal Rule of Criminal Procedure 35, Robiou's sentence was subsequently reduced to 100 months' imprisonment on Count 5.

We review *de novo* a district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines.  *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).  A defendant is ineligible for a sentence reduction

where an "amendment does not have the effect of lowering [his] applicable guideline range because of the operation of another guideline or statutory provision (*e.g.* a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, cmt. n.1(A); *see also United States v. Williams*, 549 F.3d 1337, 1339–42 (11th Cir. 2008); *Moore*, 541 F.3d at 1330. Although Amendment 750 reduced Robiou's adjusted offense level under § 2D1.1, the district court sentenced him to a term of imprisonment based on the statutory mandatory minimum. Therefore, the district court properly denied Robiou's motion to reduce his sentence because Amendment 750 did not alter the statutory mandatory minimum 120 month sentence that is required under 21 U.S.C. § 841(b).

**AFFIRMED.**