[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2012
JOHN LEY
CLERK

No. 11-15988
Non-Argument Calendar
_____

D.C. Docket No. 3:99-cr-00067-WTH-1


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus


JONATHAN WHITE,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 27, 2012)

Before EDMONDSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Jonathan White, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion requesting that his 262-month sentence, imposed for crack possession, be reduced. Specifically, White argues that the district court had jurisdiction to amend his sentence in light of Amendment 750[1] to the Sentencing Guidelines, which reduced the base offense levels corresponding to crack possession, and in light of the congressional intent behind the Fair Sentencing Act of 2010, Pub. L. No. 111-220 ("FSA"), which indicated that Congress believed the penalties for crack possession offenses were too high.

We review *de novo* the district court's legal conclusions, in a § 3582 proceeding, regarding the scope of its authority under the Sentencing Guidelines. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Under § 3582(c), the district court "may not modify a term of imprisonment once it has been imposed except . . . (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been

---

[1] Effective November 1, 2011, Amendment 750 increased the quantities of crack cocaine necessary to trigger certain statutory minimum sentencing requirements. *See* U.S.S.G. App. C, Amend. 750 (2011). Amendment 750 also lowered the base offense levels corresponding to most crack possession offenses. *See id.*

lowered by the Sentencing Commission." 18 U.S.C. § 3582(c). A modification is permitted only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Guidelines, in a policy statement, note that a reduction in sentence as the result of an amended guideline range is not proper if the "amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Similarly, no reduction is warranted where "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline." U.S.S.G. § 1B1.10, comment. (n.1(A)).

In *Moore*, we addressed the issue of whether Amendment 706 to the Sentencing Guidelines (which similarly reduced the base offense levels for crack possession offenses) authorized reductions under § 3582(c)(2) for defendants who had been convicted of crack possession offenses, but had been sentenced under the career offender guidelines. *See Moore*, 541 F.3d at 1325. We held that the language of § 3582(c)(2) only authorizes reductions to sentences that were "based on" sentencing ranges that were subsequently lowered. *Id.* at 1327. As Amendment 706 lowered the base offense levels for crack possession, but not the base offense levels under the career offender sentencing scheme, we found that it did not lower the sentencing range upon which a career offender's sentence had

3

been based.  *Id.*  We also discussed U.S.S.G. § 1B1.10, comment. (n.1(A)), and noted that it "[made] clear" that a § 3582(c)(2) reduction was not warranted where an amendment lowers a defendant's base offense levels for the offense of conviction, but not the career offender sentencing range under which the defendant was sentenced.  *Id.* at 1327-28.

Here, Amendment 750 lowered the base offense levels for crack possession offenses, but did not affect the career offender guideline calculations.  Thus, because White was sentenced under the career offender guideline calculations, Amendment 750 did not lower White's applicable sentencing range and did not grant the district court jurisdiction to modify White's sentence under § 3582(c)(2).  Similarly, while the FSA expresses an intent to lower the penalties imposed for crack possession offenses, it shows no such intent towards the penalties for career offenders.

**AFFIRMED.**