[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12954
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-20284-FAM-4


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENDELL SLATER, JR.,
a.k.a. Glenn,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 15, 2013)

Before TJOFLAT, CARNES, and PRYOR, Circuit Judges.

PER CURIAM:

Glendell Slater, Jr. pleaded guilty to one count of conspiring to possess with

intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 846.  The

presentence investigation report concluded that Slater was responsible for 14 grams of cocaine and 1.61 grams of crack cocaine, resulting in a base offense level of 18.  See United States Sentencing Guidelines § 2D1.1 (Nov. 2007).  The PSI also concluded that Slater was a career offender under U.S.S.G. § 4B1.1, which raised his base offense level to 34.  See id. § 4B1.1.  At sentencing, the government agreed that Slater should receive a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 31.  Combined with a criminal history category of VI, the resulting guidelines range was 188 to 235 months imprisonment.  The district court varied downward and sentenced Slater to 84 months imprisonment, finding that to be "sufficient punishment."  The court also indicated that in order to avoid sentencing disparities it had sentenced Slater to a term that was less than the sentences imposed on more culpable codefendants.

Slater filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), contending that Amendment 750 to the guidelines reduced his guidelines range.  The district court referred that motion to a magistrate judge.  The magistrate judge recommended that the motion be denied, concluding that Amendment 750 did not lower Slater's guidelines range because he was sentenced as a career offender.  The district court adopted the magistrate judge's report and denied the motion.  This is Slater's appeal.

2

We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008). "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the [career offender] sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." Id. at 1330. While Amendment 750 reduced the base offense levels for crack cocaine offenses, it did not reduce the base offense levels for a career offender under U.S.S.G. § 4B1.1.

Slater contends that his sentence was "based on the subsequently-reduced crack cocaine guidelines" because the district court "considered all the available information in fashioning its sentence," "includ[ing] the crack guidelines contained in § 2D1.1." We disagree. Slater's guidelines range of 188 to 235 months imprisonment was calculated using the career offender guideline, U.S.S.G. § 4B1.1. The district court varied downward from that guidelines range after considering the 18 U.S.C. § 3553(a) factors, including the need to protect the public and the need to avoid sentencing disparities. There is no indication that the sentence imposed by the district court was based on the crack cocaine guidelines found in U.S.S.G. § 2D1.1. Because Slater's guidelines range was based on the career offender guideline, and because Amendment 750 did not lower that range,

3

the district court was not authorized to reduce Slater's sentence under § 3582(c)(2).

See Moore, 541 F.3d at 1330.

**AFFIRMED.**