[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12483
Non-Argument Calendar
_____

D.C. Docket No. 7:07-cr-00510-RDP-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DESHAWN ANDERSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 2, 2015)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Michael Deshawn Anderson, a federal prisoner proceeding pro se, appeals the district court's order denying his 18 U.S.C. § 3582(c) motion for a reduced sentence based on Amendment 782 to the Sentencing Guidelines. After review,[1] we affirm.

The sentencing court explicitly determined that Anderson was a career offender under the Sentencing Guidelines. Therefore, Anderson's offense level remains unchanged even after the application of Amendment 782. Because Amendment 782 did not have the effect of lowering Anderson's guideline range, no reduction in sentence is authorized. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B), p.s.; *Moore*, 541 F.3d at 1330 (holding that where a defendant has been sentenced as a career offender and the offense level in the drug quantity table did not play a role in the calculation of the guideline range, no reduction is authorized by 18 U.S.C. § 3582(c)).

The sentencing court denied Anderson's motion for a downward departure but chose to vary Anderson's sentence below the guideline range after considering the 18 U.S.C. § 3553(a) sentencing factors. There is no indication that the sentencing court considered the drug quantity table when it varied Anderson's sentence. *C.f. Moore*, 541 F.3d at 1330 (Where there is no "indication that the

---

[1] "In a § 3582(c)(2) proceeding, we review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008) (quotation omitted).

2

court based [the defendant's] sentence on the guideline range that would have applied absent the career offender designation… there is no basis for concluding that the reduction of [the defendant's] base offense level lowered the sentencing range relied upon by the district court in determining his sentence.").

**AFFIRMED.**