[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14647
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00346-CR-T-17-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CALVIN TUCKER, JR.,
a.k.a. Tuck,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 3, 2009)

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Calvin Tucker, Jr., a federal prisoner convicted of crack cocaine offenses,

appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. After review, we affirm.[1]

Under § 3582(c)(2), a district court may modify an already incarcerated defendant's term of imprisonment if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1). However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), cert. denied, 129 S. Ct. 965 (2009), and ___ S. Ct. ___, 2009 WL 301854 (U.S. Mar. 9, 2009) (No. 08-8554); see also U.S.S.G. § 1B1.10(a)(2)(B). A reduction is not authorized if the amendment does not lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 cmt. n.1(A).

The district court did not err in denying Tucker's § 3582(c)(2) motion. Tucker's § 3582(c)(2) motion was based on Amendment 706 to the Sentencing Guidelines, which reduced most of the offense levels in U.S.S.G. § 2D1.1(c)

---

[1]"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

applicable to crack cocaine offenses.  See U.S.S.G. App. C, amends. 706, 713.

Because Tucker was designated a career offender at his original sentencing, his

offense level was based on U.S.S.G. § 4B1.1, not on U.S.S.G. § 2D1.1(c).  This

Court concluded in United States v. Moore that a crack cocaine defendant, like

Tucker, who was sentenced as a career offender under § 4B1.1 is not eligible for a

§ 3582(c)(2) sentence reduction based on Amendment 706.  See 541 F.3d at 1327-

29.

Tucker argues that he falls within an exception recognized in Moore because

he received a downward departure pursuant to U.S.S.G. § 4A1.3(b) for over-

represented criminal history.  However, Tucker's § 4A1.3(b) downward departure

was to his criminal history category, not to his offense level.  Thus, the possible

exception discussed in Moore would not apply.  See id. at 1329-30.  In light of our

circuit precedent, see United States v. Smith, 289 F.3d 696, 710-711 (11th Cir.

2002), Tucker's other arguments about § 4A1.3(b) horizontal departures in

criminal history, which leave the career-offender offense level untouched, also lack

merit.

The district court correctly concluded that it did not have authority to reduce

Tucker's sentence under § 3582(c)(2).

**AFFIRMED.**