[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10725
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 15, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-80051-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HAROLD JOHNSON,
a.k.a. Baldhead,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 15, 2009)

Before BARKETT, WILSON and FAY, Circuit Judges.

PER CURIAM:

Harold Johnson appeals the district court's denial of his pro se 18 U.S.C.

§ 3582(c)(2) motion for reduction of sentence based on Amendment 706. Johnson is a federal prisoner previously convicted of conspiracy to possess with intent to distribute over 50 grams of cocaine base, in violation of 21 U.S.C. § 846. The district court denied Johnson's motion because Johnson was sentenced as a career offender under U.S.S.G. § 4B1.1, and therefore Amendment 706 did not change his Guidelines range.

On appeal, Johnson concedes that he was sentenced as a career offender and that, per United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965, and cert. denied, 129 S.Ct. 1601 (2009), he was not eligible for § 3582 relief because his final sentencing range was based on U.S.S.G.§ 4B1.1, not § 2D1.1. However, Johnson argues that the district court erred as a matter of law in order to seek further review on the issue.

"We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." United States v. James, 548 F.3d 983, 984 (11th Cir. 2008). A district court may reduce a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. The

applicable policy statements, found in § 1B1.10, state that a reduction of a term of imprisonment is not authorized if the retroactive amendment does not have the effect of lowering the defendant's applicable Guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

The district court did not err in refusing to reduce Johnson's sentence because Johnson was sentenced as a career offender pursuant to § 4B1.1. Moore, 541 F.3d at 1327 (holding that a defendant sentenced as a career offender pursuant to § 4B1.1 is not entitled to § 3582 relief because Amendments 706 and 713 did not lower the applicable guideline range for career offenders).

**AFFIRMED.**