[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 30, 2009
THOMAS K. KAHN
CLERK

No. 08-15338
Non-Argument Calendar
_____

D. C. Docket No. 05-00153-ORL-18DAB


UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

BORIS MENNARD EDWARDS,

                                                    Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 30, 2009)


Before EDMONDSON, CARNES and FAY, Circuit Judges.

PER CURIAM:

Boris Mennard Edwards, a federal prisoner convicted of a crack cocaine offense, appeals the district court's determination that he was ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines because he had been sentenced as a career offender.[1] No reversible error has been shown; we affirm.[2]

During Edwards's original sentencing proceedings, a probation officer concluded that Edwards qualified as a career offender but that his total offense level -- 31 -- was the same under either the drug quantity guideline, U.S.S.G. § 2D1.1(c), or the career offender guideline, U.S.S.G. § 4B1.1. The district court granted the government's U.S.S.G. § 5K1.1 motion based on Edwards's substantial assistance and sentenced Edwards to 120 months' imprisonment, approximately half the high end of the applicable guidelines range of 188 to 235 months.

When a sentencing guideline is amended and given retroactive effect, the district court may reduce an already incarcerated defendant's term of imprisonment

---

[1]Edwards did not file a formal section 3582(c)(2) motion. Instead, on the promulgation of Amendment 706, the district court sua sponte appointed counsel for Edwards and ordered responses about his potential eligibility for a sentence reduction under section 3582(c)(2).

[2]We review de novo the district court's legal conclusions about the scope of its authority in a section 3582(c)(2) proceeding. United States v. James, 548 F.3d 983, 984 (11th Cir. 2008).

under the amendment "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1).  A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission" -- and is, therefore, unauthorized under section 3582(c)(2) -- if the retroactive amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  Amendment 706 -- which became retroactive on 3 March 2008, U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008) -- reduced by two the base offense levels in crack cocaine sentences calculated pursuant to the drug quantity table, U.S.S.G. § 2D1.1(c).

The career offender guideline provides that "if the offense level for a career offender . . . is greater than the offense level otherwise applicable, the [career offender] offense level . . . shall apply."  U.S.S.G. § 4B1.1(b).  In United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir. 2008), cert. denied, McFadden v. United States, 129 S.Ct. 965 (2009), and cert. denied, 129 S.Ct. 1601 (2009), we concluded that defendants sentenced as career offenders were ineligible for sentence reductions under Amendment 706 because defendants' guidelines ranges were not based on the drug quantity offense levels that had been lowered by Amendment 706.

3

Edwards argues that he was not sentenced as a career offender because his total offense level was the same under either the drug quantity or career offender guideline and, thus, Moore does not preclude him from receiving a sentence reduction. Moore did not address explicitly the applicability of Amendment 706 to a defendant whose total offense level was the same under the drug quantity and career offender guidelines. But we conclude that Edwards's career offender designation ultimately drove the calculation of his guidelines range; and the district court correctly denied section 3582 relief.

In this case, the district court made a guidelines determination that Edwards was a career offender.[3] That his offense level under section 2D1.1(c) also was 31 (because application of section 4B1.1(b) did not result in a higher offense level) did not change his career offender status. Thus, in determining whether Amendment 706 reduced Edwards's guidelines range, the district court was required to consider not only whether the amendment reduced the drug quantity base offense level, but whether section 4B1.1(b) produced a higher offense level than his amended drug quantity offense level. See U.S.S.G. § 1B1.10(b)(1) (the court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time

---

[3]Edwards did not challenge his career offender designation in his original sentencing proceedings.

4

the defendant was sentenced").

Had Amendment 706 been in effect at Edwards's original sentencing, his drug quantity offense level would have been 29 instead of 31. But his career offender offense level would have remained at 31. Therefore, Amendment 706 did not have the effect of reducing Edwards's guideline range; and the district court concluded correctly that Edwards was ineligible for a sentence reduction under section 3582(c)(2).[4]

AFFIRMED.

---

[4]To the extent that Edwards challenges the correctness of Moore, neither this Court sitting en banc nor the Supreme Court has overruled it. See United States v. Vega-Castillo, 540 F.3d 1235, 1236 (11th Cir. 2008), cert. denied (U.S. June 22, 2009) (No. 08-8655) (explaining that we are bound to follow our prior precedent "unless and until it is overruled by this court en banc or by the Supreme Court").