[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12910
Non-Argument Calendar

_____

D. C. Docket No. 00-00318-CR-BAE-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WATSON DIXON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 23, 2009)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Watson Dixon appeals the denial of his motion for a reduced sentence.  18

U.S.C. § 3582(c)(2). Dixon's motion was based on Amendments 706 and 599 to the Guidelines. We affirm.

Dixon challenges the denial of his motion on three grounds, but his arguments fail. First, Dixon acknowledges that he was sentenced as a career offender, United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008), but he argues that he falls within an exception to Moore because his prior convictions were for "low-level, non-violent, small time drug offenses." Regardless of how Dixon classifies his crimes, Amendment 706 did not have the effect of lowering his sentencing range. Second, Dixon argues that the district court had the discretion to reduce his sentence below the amended range under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), and Kimbrough v. United States, 128 S. Ct. 558 (2007), but those decisions do not apply to a motion to reduce a sentence. See United States v. Melvin, 556 F.3d 1190, 1191–93 (11th Cir. 2009). Third, Dixon argues that the district court should have applied Amendment 599, but that Amendment became effective before Dixon was sentenced.

The denial of Dixon's motion for a reduced sentence is **AFFIRMED**.