[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12806
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 30, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00355-CR-T-17MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEON KING,
a.k.a. PK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 30, 2009)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Leon King appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce sentence. King argues that Amendment 706 reduced his base offense level, because he was sentenced under the crack cocaine guidelines, rather than the career offender guideline. For the reasons set forth below, we affirm.

**I.**

King pled guilty to possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). The presentence investigation report ("PSI") initially set King's base offense level at 34, under U.S.S.G. § 2D1.1, because King's offense involved the equivalent of at least 3,000 kilograms, but less than 10,000 kilograms, of marijuana. However, the PSI also indicated that King qualified as a career offender under U.S.S.G. § 4B1.1. His total offense level after applying the career offender enhancement was also 34. King received a three-level reduction for acceptance of responsibility, pursuant to § 3E1.1(a), resulting in a total offense level of 31. King had 11 criminal history points, which would have placed him in criminal history category V. However, because King was a career offender, his criminal history category was enhanced to VI. King's offense level of 31 combined with criminal history category VI to yield a guideline imprisonment range of 188 to 235 months. King filed objections to the PSI arguing, <u>inter alia</u>, that he should not be considered a career offender. At the

sentencing hearing, King again argued that he should not be considered a career offender, but the court overruled his objection. The court adopted the guideline applications set forth in the PSI, and determined that King was subject to a total offense level of 31, criminal history category VI, and a guideline imprisonment range of 188 to 235 months. The court sentenced King to 188 months' imprisonment, followed by 48 months' supervised release.

In March 2009, the district sua sponte appointed counsel to represent King and ordered the government and King to address whether King was entitled to a sentence reduction under § 3582(c)(2) and Amendment 706.

The government responded that King was not entitled to a reduction, because he was sentenced as a career offender under § 4B1.1, and, therefore, Amendment 706 had no bearing on his base offense level.

King responded that he was entitled to a sentence reduction under § 3582(c)(2) and Amendment 706, because he was sentenced based on the crack cocaine guidelines, and not as a career offender. He asserted that section 4B1.1(b) provides that the career offender enhancement applies only if the enhanced offense level is greater than the offense level that is otherwise applicable. King contended that, in his case, the career offender offense level was equal to his otherwise applicable guideline range, because his base offense level under § 2D1.1 was also

3

34. Thus, King asserted that his base offense level should be reduced to 34, because he was sentenced based on a guideline range that was subsequently lowered by the Sentencing Commission. Alternatively, King argued that he was eligible for a § 3582(c)(2) sentence reduction even if he was sentenced as a career offender.

The district court agreed with the government's position, incorporated the government's response by reference, and refused to reduce King's sentence under § 3582(c)(2).

## II.

As an initial matter, King was, in fact, sentenced as a career offender. The PSI determined that King qualified as a career offender, and it enhanced his criminal history category to VI based on application of the career offender guideline. At the sentencing hearing, the district court specifically overruled King's objection to the application of the career offender guideline, adopted the PSI's guideline calculations, and determined that King's guideline sentencing range was 188 to 235 months' imprisonment, based on his offense level of 31 and his enhanced criminal history category of VI.

Because King was sentenced under § 4B1.1 and Amendment 706 only affects base offense levels in § 2D1.1, the amendment does not reduce King's

sentencing range, and he was ineligible for relief under § 3582(c)(2). See United States v. Moore, 541 F.3d 1323, 1327-28, 1330 (11th Cir. 2008); U.S.S.G. § 1B1.10, comment. (n.1(A)) (prohibiting reduction where "amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline"). Furthermore, King cannot challenge, in this § 3582(c)(2) proceeding, the district court's original sentencing determination that he qualified as a career offender. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (holding that, in § 3582(c)(2) proceedings, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing") (emphasis in original). Finally, even if King's original sentence had been based on § 2D1.1 and Amendment 706 had reduced that base offense level to 32, his guideline range would not change, because he would face an offense level of 34 under the career offender guideline. See U.S.S.G. § 4B1.1(b)(B) (providing that offense level 34 applies to career offenders who face a statutory maximum sentence of 25 years or more, if level 34 "is greater than the offense level otherwise applicable"). Accordingly, Amendment 706 did not reduce King's guideline sentencing range and we affirm his 188-month sentence.

    **AFFIRMED.**