[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 22, 2009
THOMAS K. KAHN
CLERK

No. 09-12407
Non-Argument Calendar

_____

D. C. Docket No. 99-08064-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADRIAN THOMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 22, 2009)

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Adrian Thompson, a federal prisoner convicted of possession with intent to distribute cocaine base, appeals the district court's denial of his pro se 18 U.S.C. § 3582(c)(2) motion for a reduced sentence. The district did not err in finding that Amendment 706 had no effect on his offense level because Thompson was sentenced as a career offender under U.S.S.G. § 4B1.1. Accordingly, we AFFIRM.

## I. BACKGROUND

Thompson pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Using the 2000 edition of the Sentencing Guidelines, the probation officer found a base offense level of 26 under U.S.S.G. § 2D1.1 because Thompson was responsible for 14.34 grams of cocaine base. The probation officer also determined that Thompson was a career offender under U.S.S.G. § 4B1.1 because he was at least 18 years old at the time of the offense, the offense was a felony drug offense, and he had at least 2 prior felony convictions for a crime of violence. The probation officer raised Thompson's offense level to 32 and recommended that Thompson receive a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 29. Thompson automatically received a criminal history category of VI under

2

§ 4B1.1 because he was a career offender. A total offense level of 29 and a criminal history category of VI resulted in a guideline range of 151 to 188 months' imprisonment.

At sentencing, the district court adopted the factual findings and guideline application of the PSI, determined a total offense level of 29, a criminal history category of VI, and a guideline range of 151 to 188 months' imprisonment. Accordingly, the district court sentenced Thompson to 168 months' imprisonment. On 14 March 2008, Thompson filed a pro se motion for appointed counsel in a § 3582(c)(2) proceeding. R1-67 at 1-6. He asserted that he was entitled to a reduction in his base offense level based on Amendment 706 to the Guidelines and requested a downward variance based on the 18 U.S.C. § 3553(a) factors. R1-68 at 1-14; R1-69 at 1-7. The district court appointed a public defender to determine whether Thompson was entitled to seek a reduced sentence under § 3582(c)(2). R1-70. Thompson filed a motion to withdraw his initial § 3582(c)(2) motion, which the district court granted. R1-72, 73. Thereafter, Thompson filed a renewed pro se motion under § 3582(c)(2), arguing that he was entitled to a reduced sentence under Amendment 706 despite our decision in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), *cert. denied*, 129 S.Ct. 965, *and*, 129 S.Ct. 1601 (2009). R1-74 at 1-18. The district court denied Thompson's § 3582(c)(2)

3

motion, finding that Amendment 706 had no effect on his base offense level because he was sentenced as a career offender, and cited *Moore* in support. R1-76 at 1-2.

## II. DISCUSSION

On appeal, Thompson concedes that he was ineligible for a § 3582(c)(2) reduction under *Moore* because he was sentenced as a career offender. Nevertheless, he wishes to preserve the issue for a subsequent appeal to the Supreme Court. Thompson also contends that one of his qualifying offenses under § 4B1.1 is no longer considered a crime of violence under the Guidelines and that he is preparing a writ seeking relief from his classification as a career offender.

We review a district court's decision whether to reduce a sentence under § 3582(c)(2) for abuse of discretion and its conclusions regarding the scope of its legal authority *de novo*. *United States v. Williams*, 549 F.3d 1337, 1339 (11th Cir. 2008). A district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Fed.R.Crim.P. 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule includes relief under § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C.

4

[§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). A district court lacks authority to grant a § 3582(c)(2) reduction where the defendant was sentenced as a career offender under § 4B1.1. *Moore*, 541 F.3d at 1330.

Because Thompson was sentenced as a career offender under § 4B1.1, the district court did not err in concluding that it lacked authority to reduce his sentence under § 3582(c)(2). Even if Amendment 706 would have reduced his base offense level, it did not alter the guideline range upon which his sentence was based. *See Moore*, 541 F.3d at 1330. To the extent that Thompson's reply brief argues that he was qualified for a reduction under § 3582(c)(2) because he was incorrectly classified as a career offender at his original sentencing, he abandoned that argument by failing to raise it in his initial brief on appeal. *See United States v. Magluta*, 418 F.3d 1166, 1185-86 (11th Cir. 2005) (holding that arguments raised for the first time in a reply brief are abandoned).

## III. CONCLUSION

Because the district court did not err in concluding that Amendment 706 had no effect on his offense level since Thompson was sentenced as a career offender under U.S.S.G. § 4B1.1., we **AFFIRM** his sentence.