[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10577
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 22, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:05-cr-00061-RAL-EAJ-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEVON SCOTT,
a.k.a. Iceman,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 22, 2012)

Before TJOFLAT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Jevon Scott appeals the denial of his motion for a sentence reduction,

pursuant to 18 U.S.C. § 3582(c)(2), which sought to modify his 180-month sentence for conspiring to possess cocaine base with intent to distribute based on Amendment 750 to the Sentencing Guidelines. He argues that, because the Guidelines are merely advisory, the district court should have reduced his sentence pursuant to Amendment 750, even though he was sentenced as a career offender under U.S.S.G. § 4B1.1.

We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Amendment 750, which has been made retroactive, revised the Drug Quantity Table in U.S.S.G. § 2D1.1(c), and reduced the base offense levels associated with various amounts of crack cocaine. U.S.S.G. App. C, amends. 750, 759. Nevertheless, a sentence reduction is not authorized under § 3582(c)(2) if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range due to the operation of another guideline. U.S.S.G. § 1B1.10(a)(2)(B); U.S.S.G. § 1B1.10, comment. (n.1). Thus, a retroactive amendment to § 2D1.1 does not alter the guideline range of a defendant sentenced as a career offender under § 4B1.1. *See Moore*, 541 F.3d at 1330. Furthermore, § 3582(c)(2) and the applicable guideline policy statements in § 1B1.10 still bind a district court's discretion, regardless of the advisory nature of

2

the Guidelines. *See United States v. Melvin*, 556 F.3d 1190, 1192-93 (11th Cir. 2009).

Here, the District Court did not err when it denied the § 3582(c)(2) motion requesting relief under Amendment 750 because Scott was originally sentenced as a career offender under § 4B1.1, not under § 2D1.1. Thus, Amendment 750 has no effect on Scott's applicable guideline range, and he is ineligible for § 3582(c)(2) relief on that basis. Furthermore, contrary to Scott's argument, the District Court was bound by § 3582(c)(2) and the applicable policy statements contained in § 1B1.10, regardless of the advisory nature of the Guidelines.

Upon review of the record and consideration of the parties' briefs, we affirm.

AFFIRMED.