[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10076
Non-Argument Calendar
_____

D.C. Docket No. 4:99-cr-10035-KMM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERMAINE MATHIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 29, 2013)

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Jermaine Mathis appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence based on Amendment 750 to the Sentencing Guidelines.  Mathis was sentenced as a career offender pursuant to U.S.S.G. § 4B1.1.  On appeal, he concedes the limited scope of § 3582(c)(2) proceedings, but urges this Court to review the drug quantity findings at sentencing in the interest of justice.[1]

"[W]e review *de novo* the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).  A district court may not reduce a defendant's term of imprisonment unless the defendant's sentence was based upon a sentencing range that the Sentencing Commission subsequently lowered, the district court considers the 18 U.S.C. § 3553(a) factors, and the reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).

Mathis's sentence was based on his career-offender enhancement, and Amendment 750 therefore had no effect on his sentencing range under § 4B1.1. *See Moore*, 541 F.3d at 1327 (holding that when a defendant is sentenced as a

---

[1]  Mathis requests that, in the alternative to granting a sentence reduction, this Court reopen his prior 28 U.S.C. § 2255 motion to vacate, which was denied in 2007.  Mathis may not use his § 3582(c)(2) motion to reopen his § 2255 motion to vacate.  *See* 28 U.S.C. § 2255(h).

career offender, the sentence is "based on" the guideline ranges applicable to career offenders under § 4B1.1, not the levels set forth in § 2D1.1). Moreover, the district court was not permitted to change any of the original sentencing calculations in the § 3582(c)(2) proceedings except those affected by a retroactive guideline amendment. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). Therefore, Mathis is ineligible for relief under § 3582(c)(2), and the district court did not err in denying his motion.

**AFFIRMED.**