[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13037
Non-Argument Calendar
_____

D.C. Docket No. 5:05-cr-00013-CAR-CHW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD BEN GLAWSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 11, 2013)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Richard Glawson, proceeding *pro se*, appeals the district court's denial of his

motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  On appeal,

Glawson raises arguments regarding his unrelated 28 U.S.C. § 2255 proceeding. For the reasons set forth below, we affirm the district court's denial of Glawson's § 3582(c)(2) motion.

I.

In October 2007, Glawson was convicted by a jury of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)-(C) (Counts One, Three, and Four), possession with intent to distribute and distribution of marijuana in violation of § 841(a)(1) and (b)(1)(D) (Counts Two and Five), possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Six), and escape in violation of 18 U.S.C. § 751(a) (Count Seven). The presentence investigation report ("PSI") assigned Glawson a combined adjusted offense level of 32, but because he qualified as a career offender under U.S.S.G. § 4B1.1, his offense level was increased to 34. Based on a total offense level of 34 and a criminal history category of VI, his guideline range was 262 to 327 months' imprisonment. At sentencing, the court imposed concurrent sentences for all counts, resulting in a 327-month total sentence.

In September 2010, Glawson filed a § 2255 motion to vacate, asserting several challenges to the validity of his convictions. Among other things, he argued that: (1) he received ineffective assistance of counsel; (2) the district court lacked jurisdiction over the cocaine charges; and (3) prosecutorial misconduct

2

deprived him of a fair trial.  The magistrate judge issued a report and recommendation that the district court deny the motion.  In December 2011, the district court adopted the recommendation and denied the motion.  Glawson filed a notice of appeal, and we denied a certificate of appealability.

In November 2011, while his § 2255 motion was still pending, Glawson filed the instant *pro se* § 3582(c)(2) motion for a sentence reduction based on the Fair Sentencing Act of 2010 (the "FSA") and the "Sentencing Guidelines of June 23, 2011," which "amended the crack cocaine guidelines."  Glawson argued that, although he had been classified as a career offender under § 4B1.1, the "starting point" for his sentence was based on the drug quantities for his three cocaine offenses.  Further, he asserted that "[u]nder the new and retroactive crack cocaine guideline" and the career-offender guideline, his guideline range should be 46 to 57 months' imprisonment.  Accordingly, he requested appointment of counsel, and a new sentencing hearing.

The district court granted Glawson's request for appointment of counsel, and his appointed counsel filed a "request for ruling on *pro se* motion."  In the request, Glawson's counsel indicated that, based on a review of the record, she was unable to present any meritorious arguments in support of Glawson's motion for a sentence reduction because his sentence was based on his status as a career offender, not a guideline amendment.

3

The district court denied Glawson's § 3582(c)(2) motion, finding that he was not eligible for a sentence reduction under Amendment 750 because he was sentenced as a career offender.

## II.

We review the district court's denial of a § 3582(c)(2) motion for an abuse of discretion and the "court's legal conclusions about its jurisdiction under the Sentencing Guidelines" *de novo*. *United States v. Mills*, 613 F.3d 1070, 1074-75 (11th Cir. 2010). However, an appellant abandons an issue if he fails to "develop any argument on it in his opening brief." *See United States v. Woods*, 684 F.3d 1045, 1064 n.23 (11th Cir. 2012); *see also United States v. Gupta*, 463 F.3d 1182, 1195 (11th Cir. 2006) (explaining that we "may decline to address an argument where a party fails to provide arguments on the merits of an issue in its initial or reply brief"). Further, we do not consider issues that are raised for the first time in an appellant's reply brief. *United States v. Britt*, 437 F.3d 1103, 1104-05 (11th Cir. 2006).

Amendment 750 to the Sentencing Guidelines, made retroactively applicable on November 1, 2011, by Amendment 759, makes permanent the temporary emergency Amendment 748, which lowered the base offense levels for particular crack cocaine quantities in § 2D1.1(c), pursuant to the FSA. *See* U.S.S.G. App. C, Amend. 750, Reason for Amend. *and* U.S.S.G. App. C, Amend. 759. Under

4

§ 3582(c)(2), sentence reductions are not authorized where the new guideline amendment "is applicable to the defendant but . . . does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline*." *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008) (quotations omitted).  Thus, reductions in the crack-cocaine offense levels do not provide relief for defendants whose applicable guideline range was based on the career-offender guideline, § 4B1.1.  *Id.* at 1327, 1330.

Glawson's initial appeal brief fails to address the district court's disposition of his motion for a sentence reduction, as his arguments relate exclusively to the claims at issue in his § 2255 proceeding.  Notably, we have already denied a certificate of appealability in Glawson's appeal from the denial of his § 2255 motion, and any challenge to the disposition of that motion is irrelevant to whether he is entitled to a sentence reduction under § 3582(c)(2).  Thus, Glawson has abandoned any argument that the district court erred in denying his motion for a sentence reduction.  *See Woods*, 684 F.3d at 1064 n.23; *Gupta*, 463 F.3d at 1195.

In his reply brief, Glawson argues that his guideline range was partially based on improper drug quantities, and he attaches a copy of his motion for a sentence reduction.  However, he also argues that he received ineffective assistance of counsel in his underlying sentencing proceeding.  Thus, his arguments appear to relate to both his motion for a sentence reduction and the ineffective-assistance

5

claims at issue in his § 2255 proceeding.  To the extent that Glawson challenges the denial of his motion for a sentence reduction for the first time in his reply brief, we will not consider his arguments.  *See Britt*, 437 F.3d at 1104-05.  Regardless, even if Glawson had not abandoned any argument that he was entitled to a sentence reduction, the district court did not err in denying his § 3582(c)(2) motion because he was sentenced pursuant to the career-offender guideline, and Amendment 750 did not have the effect of lowering his applicable guideline range. Thus, he was ineligible for a sentence reduction under § 3582(c)(2).  *Moore*, 541 F.3d at 1327-28, 1330.

For the foregoing reasons, we affirm the district court's denial of Glawson's § 3582(c)(2) motion.

**AFFIRMED.**