[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14351
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20632-KMM-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

NORRIS LUNDY,
a.k.a. Polo,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 9, 2013)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Norris Lundy, a federal prisoner appearing pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction, pursuant to Amendment 750 to the Sentencing Guidelines. On appeal, Lundy asserts that he is eligible for a sentence reduction because the district court based his sentence on a framework that Amendment 750 retroactively changed.

We review de novo a district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). In liberally construing pro se pleadings, we hold pro se litigants to a less stringent standard. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

We have held that § 3582(c)(2) only provides a district court with the discretion to reduce a sentence that was based on a sentencing range that has been lowered by the Sentencing Commission. *See Moore*, 541 F.3d at 1327. Section 3582(c)(2) does not provide a basis for a de novo resentencing. *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). If a defendant is a career offender, his base offense level is generally determined under the career-offender guideline in U.S.S.G. § 4B1.1 and not the drug-quantity guideline in U.S.S.G. § 2D1.1. *See Moore*, 541 F.3d at 1327–28. As such, a retroactive amendment to the drug quantity table at § 2D1.1 does not have the effect of lowering the career-offender-

2

based guideline range within the meaning of § 3582(c)(2), and the district courts are not authorized to reduce a sentence on that basis.  *See id.*

The district court properly denied Lundy's § 3582(c)(2) request because he was sentenced as a career offender.  Amendment 750 did not lower his applicable guideline range.

**AFFIRMED**.

3