[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11745
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-00033-WLS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SADERRICK JERMAINE NOIRD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(August 29, 2013)

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Saderrick Jermaine Noird appeals the district court's denial of his pro se motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), following his conviction for conspiring to possess with intent to distribute more than 50 grams of crack cocaine. At sentencing, the district court applied a 2-level substantial assistance departure under U.S.S.G. § 5K1.1, and calculated Noird's guideline range to be 210 to 262 months' imprisonment based on his career offender designation. The district court sentenced him to 260 months' imprisonment. The government subsequently filed a Fed.R.Crim.P. 35(b) motion for a sentence reduction on account of Noird's substantial assistance in the prosecution of other persons. The district court resentenced Noird to a term of 135 months' imprisonment. On appeal, Noird argues that the rule of lenity dictates that Amendment 750 is applicable to his sentence because he received a downward departure for substantial assistance. After careful review, we affirm.

We review de novo the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2). United States v. Moore, 541 F.3d 1323, 1326 (11th Cir. 2008). Amendment 750 revised the crack cocaine quantity tables to conform to the Fair Sentencing Act of 2010, which amended certain statutory minimum sentences for crack cocaine offenses.[1]

---

[1] Amendment 750 was subsequently made retroactive by Amendment 759, thereby permitting defendants to move for sentence reductions under § 3582(c)(2) in appropriate circumstances.

2

A district court may not reduce a defendant's term of imprisonment that has been imposed unless: (1) the defendant's sentence was based upon a guideline range that the Sentencing Commission subsequently lowered; (2) the district court considers the 18 U.S.C. § 3553(a) factors; and (3) a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). When determining whether a reduction is warranted, a court should determine the guideline range that would have applied had the relevant amendment been in effect at the time of the defendant's sentencing. U.S.S.G. § 1B1.10(b)(1). A court must only substitute the relevant amendment into the district court's original guideline calculations, and leave all other sentencing decisions unaffected. Id.; see United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).

A reduction is not consistent with the Guidelines' policy statement if the amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). A reduction under § 3582(c)(2) is not authorized where the applicable amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline. Moore, 541 F.3d at 1327-28. This includes situations in which the defendant's applicable guideline range is calculated through the application of the career offender guideline. Id. at 1328.

3

In <u>Moore</u>, we explained that a district court had discretion to resentence a career offender under § 3582(c)(2) where he had previously received a downward departure under U.S.S.G. § 4A1.3 because the seriousness of his criminal history was substantially overrepresented by his career offender designation. <u>Id.</u> at 1329 30. The rationale behind such authority in that situation was that the court was reducing the appellant's offense level to what would be in effect absent the career offender guideline. <u>Id.</u> at 1329. In contrast, the appellants in <u>Moore</u> were ineligible for sentence reductions because their respective departures were based on substantial assistance and diminished capacity. <u>Id.</u> at 1330.

In this case, Amendment 750 did not have the effect of lowering Noird's applicable guideline range under § 4B1.1(b) as a career offender. <u>See Moore</u>, 541 F.3d at 1327-28. Under § 4B1.1(b), Noird's applicable guideline range remains the same as it was at his original sentencing. Further, neither his § 5K1.1 departure nor Rule 35(b) reduction rendered him eligible for relief under § 3582(c)(2). <u>See Moore</u>, 541 F.3d at 1329-30. Accordingly, we affirm the denial of his motion for a sentence reduction.

**AFFIRMED**.