[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15937
Non-Argument Calendar
_____

D.C. Docket No. 5:03-cr-00023-KOB-PWG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHANNON DEWAYNE STEELE,
a.k.a. Shannon Steele,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(July 16, 2014)


Before PRYOR, MARTIN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Shannon Dewayne Steele appeals the district court's denial of his motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), following his convictions for one count of conspiracy to possess with intent to distribute crack cocaine (in violation of 21 U.S.C. § 846) and three counts of distribution of crack cocaine (in violation of 21 U.S.C. § 841).  The presentence investigation report calculated a total offense level of 31 with a criminal history category of IV, for a corresponding guideline imprisonment range of 151 to 188 months.  But because he faced statutory sentences of life under 21 U.S.C. § 841, his guideline imprisonment range was life.  Pursuant to a government motion for a U.S.S.G. § 5K1.1 downward departure based upon his substantial assistance, the district court granted a downward departure and sentenced Steele to 25 years' imprisonment.  Steele later filed a motion for a sentence reduction, pursuant to § 3582(c)(2), in August 2013.

On appeal, Steele argues that the failure to apply the Fair Sentencing Act of 2010 ("FSA") to offenders who were sentenced before its enactment violates equal protection.  The crux of his argument is that the FSA was passed in recognition of the racially discriminatory nature of the pre-FSA crack-cocaine sentencing scheme so that the failure to apply it retroactively perpetuates unconstitutional racial discrimination.  He notes that rejection of his argument effectively leads to

sentences that are at least 15 years greater than they would otherwise be.  He also asserts that he is entitled to § 3582(c)(2) relief regardless of his mandatory statutory sentences, because his sentences were altered by the government's motion for a downward departure.

We review *de novo* the district court's legal conclusions on the scope of its authority under § 3582(c)(2).  *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008).

Relief under § 3582(c)(2) must be based on an amendment to the Sentencing Guidelines that is listed in U.S.S.G. § 1B1.10(c).  *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012).  "[A] reduction is not authorized if the amendment does not actually lower a defendant's applicable guideline range because of the operation of another guideline or statutory provision, such as a statutory mandatory minimum prison term."  *Id.* (quotations omitted). Amendment 759 to the Sentencing Guidelines clarified that, for purposes of § 3582(c)(2), departures are not part of the applicable guideline range.  *See* U.S.S.G. Amend. 759, app. C, Vol. III, at 421; *see also United States v. Williams*, 549 F.3d 1337, 1339 (11th Cir. 2008) (Section 3582(c)(2) did not authorize a reduced sentence when defendant was subject to an enhanced mandatory minimum sentence but received a downward departure pursuant to U.S.S.G. § 5K1.1).

In *Berry*, we expressly rejected the argument that the FSA could serve as a basis for § 3582(c)(2) relief. *Berry*, 701 F.3d at 377. We said that the FSA does not apply retroactively to defendants that were sentenced before the effective date of the FSA. *Id.*

Here, the district court properly denied Steele a sentence reduction: the FSA is not a proper basis upon which § 3582(c)(2) relief may be granted. *See Berry*, 701 F.3d at 377. Even assuming that Steele could raise his claims in a § 3582(c)(2) proceeding, we have already decided that the FSA is not retroactively applicable. *See id.* His argument about the effect of the substantial assistance departure on his guideline range is without merit. *See* U.S.S.G. Amend. 759, app. C, Vol. III, at 421; *Williams*, 549 F.3d at 1339. Accordingly, we affirm the denial of Steele's motion for a sentence reduction.

**AFFIRMED**.

4